1998 ME 238

## CITY OF ROCKLAND

v.

## Wallace C. DOUD.

Supreme Judicial Court of Maine.

Argued Oct. 9, 1998.

Decided Nov. 2, 1998.

James D. Bivins (orally), City Attorney, Rockland, attorney for plaintiff.

Stephen A. Little (orally), Stephen A. Little & Associates, Rockland, attorney for defendant.

James N. Katsiaficas, Maine Municipal Association, Augusta, attorney for amicus curiae.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The City of Rockland appeals from the judgment entered in the Superior Court (Knox County, *Alexander, J.*) which affirmed the District Court's (Rockland, *Field, J.*) dismissal of a complaint brought against Wallace Doud alleging a civil infraction. The City of Rockland contends that the District Court erred as a matter of law when it invoked 17–A M.R.S.A. § 12 (1983) to dismiss the civil violation. We agree and vacate the judgment.

[¶ 2] Doud, a 72 year old Rockland resident, decided to return a defective microwave oven to an appliance store located on Main Street in Rockland. Doud pulled into a handicapped parking space, left the engine running, and entered the store. Doud did not have a special handicapped license plate or placard. Doud requested and received assistance from a store employee to carry the oven into the store. During the time his vehicle occupied the handicapped parking space, Doud received a parking ticket.

[¶ 3] The City of Rockland commenced an action in the District Court charging Doud with parking in a handicapped space in violation of section 17–418 of the Rockland Code.[1] Rockland, Me., Code § 17–418 (Sept. 12, 1990). Noting that Doud, an older man re-

---

1. Section 17–418 provides: "When a motor vehicle is found parked in a marked handicapped parking space, and the motor vehicle does not bear a special registration plate or placard issued under 29 M.R.S.A. §§ 252 or 252–C, or a similar plate issued by another State, i[t] shall be cited for violation of this Article." Rockland, Me., Code § 17–418 (Sept. 12, 1990).

turning a heavy item, used the parking space only for the few minutes necessary to complete his task and that no parking spaces were available in front of the store or within one block, the District Court dismissed the action on the grounds that the parking violation constituted a *de minimis* violation pursuant to 17–A M.R.S.A. § 12. The Superior Court affirmed the District Court's dismissal of the case. This appeal by the City of Rockland followed.

Section 12 of Title 17–A provides:

1. The court may dismiss a prosecution if, upon notice to or motion of the prosecutor and opportunity to be heard, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds the defendant's conduct:

A. Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the crime; or

B. Did not actually cause or threaten the harm sought to be prevented by the law defining the crime or did so only to an extent too trivial to warrant the condemnation of conviction; or

C. Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in defining the crime.

2. The court shall not dismiss a prosecution under this section without filing a written statement of its reasons.

The City of Rockland contends that the District Court erred in applying this *de minimis* infraction provision to a civil violation.[2]

[¶ 4] When a Superior Court acts as an intermediate appellate tribunal, we review the decision of the District Court directly. *See Department of Human Servs. v. Sabattus*, 683 A.2d 170, 171 (Me.1996). If the subject of that review is the District Court's interpretation of a statute, we review the interpretation de novo for errors of law. *See Daniels v. Tew Mac Aero Servs., Inc.*, 675 A.2d 984, 987 (Me.1996).

[¶ 5] We interpret a statute by looking to the plain meaning of the language and considering the context of the statutory scheme of which the particular section is a part so that the legislative intent may be given effect. *See Estate of Whittier*, 681 A.2d 1, 2 (Me.1996). The language of section 12 clearly limits its application to criminal violations. It permits a court to dismiss a violation as *de minimis* in three particular circumstances, each of which specifically references crime. 17–A M.R.S.A. § 12. The first circumstance refers to the purpose of the law defining the crime; the second refers to the harm sought to be prevented by the law defining the crime; and the third refers to the Legislature's intent in defining the crime. *Id.* Although explicitly referencing crime, the language makes no mention of civil violations.

[¶ 6] Pointing to the statutory language that permits a court to "dismiss a prosecution," Doud contends that the applicability of the *de minimis* statute is not limited to criminal prosecutions, but can be applied to the prosecution of a civil infraction. We disagree. Particular statutory sections must be construed by courts in the context of an entire statutory scheme. *See Whittier*, 681 A.2d at 2. Section 12 was enacted as part of the 1975 revision of the state's criminal code and is codified within the criminal code. *See* P.L.1975, ch. 499, § 1. Moreover, section 12 is patterned on section 2.12 of the Model Penal Code. *See* 17–A M.R.S.A. § 12 comment. The Comment to section 2.12 of the Model Penal Code states that this section was designed to give courts "power to discharge without conviction, persons who have committed acts which, *though amounting in law to crimes*, do not under the circumstances involve moral turpitude." Model Penal Code § 2.12 comment (1985) (emphasis added). Thus, the term "prosecution" must be read to mean prosecution of a criminal offense.

[¶ 7] Both the plain language of section 12 and the statutory scheme of which the

2. Both parties agree that the parking violation in question is a civil violation, the punishment for which is a fine.

section is a part establish that the section applies only to criminal violations. The District Court erred as a matter of law in dismissing the case pursuant to 17–A M.R.S.A. § 12.

The entry is:

Judgment vacated. Remanded to Superior Court for remand to the District Court for further proceedings consistent with this opinion.