**Thomas A. GORDON**

v.

**R. L. HALPERIN, State Tax Assessor.**

Supreme Judicial Court of Maine.

Argued June 9, 1982.

Decided July 12, 1982.

Stitham & Clapp, Douglas A. Clapp (orally), Pittsfield, for plaintiff.

Jerome S. Matus, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

In this action in Superior Court (Somerset County), plaintiff Thomas A. Gordon sought a reversal of the unfavorable decision of the State Tax Assessor (Assessor) on reconsideration of an income tax assessment against him. The Superior Court affirmed the Assessor's decision. On Gordon's appeal to this court,[1] the only issue is, as it was before the Superior Court, whether the income tax assessment was barred by an applicable statute of limitations. Agreeing with the Superior Court that it was not, we deny the appeal.

In January, 1979, the United States Internal Revenue Service made a change increasing Gordon's federal income tax liability for the years 1969 through 1973, inclusive. Gordon did not notify the State Tax Assessor of that federal change within 90 days, as a taxpayer is required to do whenever "the amount of [his] federal taxable income reported on his federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority." 36 M.R.S.A. § 5243 (Supp.1981). The Assessor did not learn of the federal change until the Internal Revenue Service notified him in July, 1979. On August 26, 1980, the Assessor sent Gordon a notice of assessment of state income tax, interest, and penalties amounting to $2,878.50, based on the federal change.

On Gordon's request for reconsideration of the assessment, the Assessor conducted a hearing and ruled the assessment correct. Gordon then filed a "petition for review" in Superior Court under the Administrative Procedure Act.[2] On cross motions for summary judgment, the justice below held for the Assessor on the sole issue in this case, namely, whether the assessment was time-barred.

The statute of limitations in effect during the taxable years and also at the time of

---

1. This appeal is taken by plaintiff Gordon from the judgment entered by the Superior Court on June 25, 1982, following dismissal by the Law Court of an earlier premature appeal. *See Gordon v. Halperin*, Me., 447 A.2d 61 (1982).

2. 5 M.R.S.A. § 11001(1) (Supp.1981).

the federal change was 36 M.R.S.A. § 5270 (1978); that in force since September 14, 1979, including the date of the assessment, is 36 M.R.S.A. § 141 (Supp.1981). The Superior Court found it unnecessary to decide which statute applied in this case, holding that the assessment was not barred under either. We agree.

The former statute, section 5270, prescribed in subsection 1 a general period of limitations on deficiency assessments of three years from the filing of the return for the taxable year, except as "otherwise fixed." Subsections 2 through 6 of section 5270 set out exceptions to the general three-year period of limitations. One of those provided with specific pertinence to the facts of the case at bar:

> If a taxpayer fails to comply with the requirement of section 5243 by not reporting a change or correction increasing his federal taxable income, ... a notice of deficiency may be mailed to the taxpayer at any time.

§ 5270(4). Thus, the former statute of limitations (in effect until September 14, 1979) contained an unambiguous exception for cases such as this, permitting notice of deficiency to be issued "at any time" after violation of section 5243.

The current statute of limitations (in effect from September 14, 1979) retains the general three-year period, § 141(1), and also establishes several exceptions. One such exception permits an assessment to "be made at any time with respect to a time period for which a return has become due but has not been filed." § 141(2)(C). For this purpose the legislature has defined "return" to mean "any document containing information required by this Title to be reported to the State Tax Assessor." 36 M.R.S.A. § 111(4) (Supp.1981).[3] Since section 5243 at all times has required that a change in federal taxable income be reported to the Assessor, Gordon's failure to report his change brought him within the exception of section 141(2)(C). Thus, by the

current statute, an assessment of deficiency on account of Gordon's unreported federal change could also be issued "at any time."

Since the assessment was timely under either statute of limitations, we need not decide which statute applies. *Cf. Lund ex rel. Wilbur v. Pratt*, Me., 308 A.2d 554, 559 (1973) (Law Court will not decide academic or moot question).

The entry must be:

Judgment affirmed.

All concurring.

---

**3.** The definition of "report" became effective on the same date as section 141, and so has no bearing on the analysis of former section 5270.