**ESTATE OF Mina B. WHITTIER.**

Supreme Judicial Court of Maine.

Argued June 10, 1996.

Decided July 22, 1996.

John S. Jenness, Jr. (orally), South Paris, for Appellant.

Andrew Ketterer, Attorney General, E. Anne Carton (orally), Assistant Attorney General, Augusta, for Appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

WATHEN, Chief Justice.

The personal representative of the estate of Mina B. Whittier appeals from a judgment of the Oxford County Probate Court (*Whiting, J.*) allowing, pursuant to 22 M.R.S.A. § 14(2–I) (Supp.1995),[1] the claim of the De-

---

1. 22 M.R.S.A. § 14(2–I) provides, in pertinent part:

    **A.** The department has a claim against the estate of a Medicaid recipient when, after the death of the recipient:

    **(2)** It is determined that the recipient was 55 years of age or older when that person received Medicaid assistance; or

partment of Human Services for Medicaid reimbursement in the amount of $21,073.16. On appeal the estate argues that it is entitled to an allowance of up to $60,000 in value in Whittier's residence by virtue of 18–A M.R.S.A. § 2–405 (Supp.1995). Because we conclude that the Probate Code does not incorporate the residence exemption provided for debtors more than 60 years old, we affirm the judgment.

The facts may be summarized as follows: Mina Whittier died on August 24, 1994. She is survived by four adult children. Whittier's will was admitted to probate on September 30, 1994. Following publication of the notice to creditors, the Department of Human Services filed a claim against the estate for Medicaid benefits paid to Whittier after October 1, 1993. The personal representative of the estate disallowed the DHS claim on the ground that the full value of the estate was exempt pursuant to 18–A M.R.S.A. §§ 2–402 and 2–405.[2] DHS filed a petition to resolve the dispute, and the Probate Court allowed the claim. The personal representative now appeals.[3]

At issue is the application of a provision in the Probate Code that mistakenly or awkwardly refers to the general statutory exemptions from attachment. After defining a $5,000 Homestead allowance, a family allowance, and an exemption of $3,500 for a surviving spouse or children in unencumbered property, the Probate Code provides as follows:

> Notwithstanding any provisions to the contrary, any part of the decedent's estate which shall be exempt under Title 14, section 4421, on the date of decedent's death,

shall not be liable for payment of debts of the decedent or claims against his estate; provided that nothing in this section may be deemed to affect the provisions of sections 2–401 through 2–404.

18–A M.R.S.A. § 2–405.

Title 14 M.R.S.A. § 4421 (Supp.1995), however, is a definitional section and, by its terms, exempts nothing. The parties agree that the reference to 14 M.R.S.A. § 4421 is a mistake. The question remains—what meaning are we to give section 2–405?

When interpreting a statute we first look at the plain meaning of the statutory language seeking to give effect to the legislative intent. *Fullerton v. Knox County Comm'rs,* 672 A.2d 592, 594 (Me.1996). The statutory language should be construed to avoid absurd, illogical, or inconsistent results. *Id.* We also consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved. *Thibeault v. Larson,* 666 A.2d 112, 114 (Me.1995).

The personal representative argues, with the virtue of simplicity on her side, that the Legislature, in referencing 14 M.R.S.A. § 4421 within section 2–405, meant to reference 14 M.R.S.A. § 4422. It is section 4422 that lists all property exempt from attachment and execution in a civil proceeding. By virtue of a 1989 amendment, section 4422 now exempts, in addition to certain enumerated personal property, "[t]he debtor's aggregate interest, not to exceed $60,000 in value, in [a residence] if the debtor or a dependent of the debtor is ... a person 60 years of age or older." 14 M.R.S.A. § 4422(1)(B).

> **B.** The amount of Medicaid benefits paid and recoverable under this subsection is a claim against the estate of the deceased recipient.
>
> **D.** Paragraph A, subparagraphs (2) and (3) apply only to recipient who died on or after October 1, 1993 for Medicaid payments made on or after October 1, 1993.

**2.** In its inventory filed in the Probate Court the estate listed as assets the personal residence of Whittier, valued by an appraiser at $21,000, with no encumbrances, and personal property valued

at approximately $5,000, for a total gross inventory of $26,000.

**3.** On appeal the estate concedes that the more appropriate way for it to have handled the DHS claim would have been to allow it in the amount of $21,073.16 as a valid claim. If the estate had allowed the claim it would have sought not to pay it pursuant to 18–A M.R.S.A. § 3–807(a) (Supp.1995), which provides for the payment of claims in their respective priority "after making provision for homestead, family and support allowances." In any event, the estate's basic argument would be the same, namely, that it should not have to pay the claim.

Although DHS concedes that the reference in section 2–405 to 14 M.R.S.A. § 4421 leads to an illogical result and therefore can not have been intended by the Legislature, it contends that the structure and history of the Probate Code in Maine supports its position that section 2–405 was meant to make available to the estate an exemption only for personal property described in the remainder of the list of exempt property set forth in section 4422. DHS argues that allowing a $60,000 exemption for the residence of a decedent, in addition to a homestead allowance in section 2–401, would result in a windfall to the estate and contravene its mandate to provide Medicaid benefits to elderly recipients.

Section 2–405 is a non-uniform provision added by the Legislature when it adopted the uniform probate code. Its purpose is to provide exemptions to an estate for "certain kinds of property" in addition to those already provided by the uniform code in section 2–402. 18–A M.R.S.A. § 2–405 comment (1981). As originally enacted, section 2–405 referred to 14 M.R.S.A. § 4401, which prior to its repeal in 1981 governed exemptions of personal property from attachment.

Prior to the adoption of the Probate Code, 18 M.R.S.A. § 1858 (Supp.1980) (repealed 1981) provided the exemptions for decedent's estates. Section 1858 specifically exempted "real or personal property . . . which shall be exempt under Title 14, sections 4401 and 455[1]." When the Probate Code was enacted it dealt with the real and personal property exemptions of 18 M.R.S.A. § 1858 separately.

Prior Maine law provided the decedent's estate with exemptions for any property on which the decedent was exempt from claims under Title 14, sections 4401 and 4551. The Maine Probate Code, section 2–401, replaces the homestead exemption for the decedent's estate under Title 14, section 4551, but leaves section 4551 intact as it applies to one's property during his own lifetime. See Title 14, section 4554. The exemptions under Title 14, section 4401 are made available under the Maine Probate Code, section 2–402, to the decedent's surviving spouse or children up to a value of $3,500 and under the Maine Probate Code, section 2–405, to the decedent's estate if there is no surviving spouse or child of the decedent or to the extent that the exempt property exceeds the value allotted to the surviving spouse or children under the Maine Probate Code, section 2–402.

18–A M.R.S.A. § 2–401 comment (1981). Thus, as stated in the comments to both sections 2–401 and 2–405, the real property exemption of Title 14, section 4551 became 18–A M.R.S.A. § 2–401, and the personal property exemptions of Title 14, section 4401 became sections 2–402 and 2–405. Consistent with this scheme sections 2–402 and 2–405 cited only to 14 M.R.S.A. § 4401 when they were originally enacted. *See* 18–A M.R.S.A. §§ 2–402 and 2–405 (1981).

In 1981 the Legislature repealed 14 M.R.S.A. §§ 4401 and 4551. P.L.1981, ch. 431, §§ 1, 3. In their place the Legislature enacted 14 M.R.S.A. §§ 4421–4426 and 4561. P.L.1981, ch. 431, §§ 2, 4. The Legislature's purpose in replacing the previously separate provisions for personal and real property exemptions was, among others, to "[m]erge into one list the statutory property exemptions for state collection proceedings and federal bankruptcy proceedings." L.D. 1642, Statement of Fact (110th Legis.1981). No reference is made to the Probate Code, and both sections 2–402 and 2–405 continued to refer to the now repealed 14 M.R.S.A. § 4401.

In 1983 the Legislature, as part of "An Act to make corrections of errors and inconsistencies in the Laws of Maine," amended sections 2–402 and 2–405, changing their references to Title 14, section *4401* to Title 14, section *4421*. P.L.1983, ch. 480, Pt. A, § 14. The changes were made to "correct[ ] a reference to a statutory provision which has been repealed." L.D. 1760, Statement of Fact (111th Legis.1983). Section 2–405 remains unchanged to the present date, but section 2–402 was further amended. In 1985, as part of another corrections of errors bill, the Legislature changed the reference to "Title 14, section 4421" to "Title 14, chapter 507, subchapter II, Article 7." P.L.1985, ch. 506, Pt. A, § 19. Although the change was made to "correct potential inconsistencies," L.D. 1646, Statement of Fact (112th Legis.1985), the result was to include what is the present

14 M.R.S.A. § 4422 (the single exemption list) within the reach of at least section 2–402.

The legislative history establishes that the subject amendments to the Probate Code were non-substantive and occurred only to accommodate changes in the exemption statutes. In particular, there is no basis to conclude that the Legislature intended to expand the scope of sections 2–402 and 2–405 beyond the personal property exemptions previously referenced. Our reading of the Legislature's intent in this regard is confirmed by the existence of 18–A M.R.S.A. § 2–401, the homestead allowance.

 The homestead allowance of $5,000 has not changed since the enactment of the Probate Code. The allowance may be claimed only by a surviving spouse or a minor or dependent child. The comment to section 2–401 states that

[a] set dollar amount for homestead allowance was dictated by the desirability of having a certain level below which administration may be dispensed with or handled summarily, without regard to the size of allowances under Section 2–402. The "small estate" line is controlled largely ... by the size of the homestead allowance. This is because Part 12 of Article III dealing with small estates rests on the assumption that the only justification for keeping a decedent's assets from his creditors is to benefit the decedent's spouse and children.

If sections 2–402 and 2–405 were now read as including the residence exemptions of 14 M.R.S.A. § 4422 (i.e., sections 4422(1) and (16)), estates, not just surviving spouses or minor or dependent children, would be entitled to shield from the reach of creditors, in the case of a decedent older than 60 at her death, $60,000 of the decedent's interest in her residence. That such a result was not intended is borne out by the fact that when the Legislature amended 14 M.R.S.A. § 4422(1) in 1989 to increase an elderly persons exemption from $7,500 to $60,000 it did so out of concern that

unsecured creditors' actions against elderly and disabled persons pose a substantial threat that these persons will lose their homes. Once their homes are lost, these groups have little hope of replacing them *in their lifetimes* because of old age or infirmity. This bill will provide a secure interest in a modest homestead to elderly and disabled persons *during their lifetimes.*

L.D. 664, Statement of Fact (114th Legis.1989) (emphasis added). We conclude that section 2–401 of the Probate Code is the sole exemption available for a decedent's homestead. Section 2–405 of the Probate Code is intended to allow estates of decedents to claim an exemption in certain personal property enumerated in 14 M.R.S.A. § 4422. Thus the Probate Court properly allowed the DHS claim. The $60,000 interest referred to in 14 M.R.S.A. § 4422(1)(B) that could have been claimed by the decedent during her lifetime is not available to her estate.

The entry is:

Judgment affirmed.

All concurring.