1999 ME 35

**KOCH REFINING CO.**

v.

**STATE TAX ASSESSOR**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1999.

Decided Feb. 19, 1999.

John M.R. Paterson, (orally), Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiff.

Andrew Ketterer, Atty. Gen., Clifford B. Olson, (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The State Tax Assessor appeals from the summary judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) in favor of Koch Refining Co. on the ground that the state's assessments of deficiency taxes are barred by the statute of limitations. The Assessor contends that the trial court: (1) misconstrued 36 M.R.S.A. § 141(2)(A) (1990) in concluding that it did not extend the limitations period to allow the Assessor to validly assess income tax deficiencies for 1987 and 1989, and (2) erred in concluding that the extender provision of 36 M.R.S.A. § 5270(2) (1990) did not apply to allow a proper assessment because the court improperly found that Koch's income tax filings for those years contained information adequate to apprise the tax assessor of the company's actual tax status and liability. Because we conclude that section 141(2)(A) applies in this case to extend the limitations period and validate the assessment, we vacate the judgment.

[¶ 2] Koch Fuels, Inc. sold and dispensed oil refinery products in Maine. Koch timely filed Maine income tax returns for the years 1987 through 1992. In the 1987 through 1990 returns, Koch represented itself as a corporation engaged in a unitary business by itself. The 1991 and 1992 returns correctly listed Koch as a member of a multi-corporate unitary business. The Assessor decided to audit Koch's tax returns for the years 1987 through 1992. The audit revealed that Koch had been a member of a multi-corporate unitary business prior to 1991 and had incorrectly calculated its Maine income tax liability for the years in which its returns stated that it was engaged in a unitary business by itself. On August 15, 1994, the Assessor issued a Notice of Assessment of additional taxes against Koch for the years 1987 and 1989 through 1992.[1]

[¶ 3] Following a denial of a petition for reconsideration, Koch Refining Co., the successor in interest to Koch Fuels, Inc. following a merger, filed a petition for judicial review in the Superior Court pursuant to 36 M.R.S.A. § 151 (Supp.1998), 5 M.R.S.A. § 11002 (1989), and M.R. Civ. P. 80C. Koch challenged the 1994 assessment of taxes for the years 1987 and 1989, contending that the three year statute of limitations period had run. Koch does not dispute that it was engaged in a multi-corporate unitary business in 1987 and 1989, that its tax returns did not reflect that, and that the deficiency assessed by the Assessor accurately reflected what its tax liability should have been. The Superior Court concluded that the provision in section 5270(2) extending the time within which an assessment may be filed against a taxpayer from three to six years after the filing of the return does not apply because, although Koch omitted from its 1987 and 1989 returns more than 25% of the amount of its gross income, the court found the information attached to those returns was "adequate to apprise the Assessor of the nature and amount" of what was omitted. The court also declined to apply a similar extender provision found in section 141(2)(A), even though the tax liability shown on Koch's tax returns for those years was less than 50% of its actual liability. The court concluded that the information provided with those returns was "adequate to inform the Assessor that there was a basis to view [Koch] as part of a multi-corporate unitary business." This appeal by the Assessor followed.

■■■ [¶ 4] The Superior Court, in reviewing a decision by a state tax assessor, makes a *de novo* determination of the merits of the case. 36 M.R.S.A. § 151. There is no factual dispute here, and we review the Superior Court's interpretation of the statutes directly for errors of law. *See Foster v. State Tax Assessor*, 1998 ME 205, ¶ 7, 716 A.2d 1012. When construing the language of a statute, we look to the plain meaning of the

---

1. In its request for reconsideration, Koch challenged the Assessor's characterization of Koch as a unitary business and contended that the assessments for 1987 and 1989 were time barred. Because Koch no longer disputes the Assessor's characterization, the only issue before us is whether the 1987 and 1989 assessments were time barred. The assessments for the years 1990 through 1992 are not the subject of this appeal.

language to give effect to the legislative intent. *See Estate of Whittier*, 681 A.2d 1, 2 (Me.1996). In so doing, we "consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Id.*

[¶ 5] Title 36 M.R.S.A. § 141(1) provides for a three year statute of limitations on the assessment of tax deficiencies by the State Tax Assessor. The limitations period begins to run on "the date the return was filed or the date the return was required to be filed, whichever is later." 36 M.R.S.A. § 141(1). The two returns at issue in this case, the 1987 and 1989 returns, were filed more than three years prior to the assessment of the tax deficiencies in 1994. Two statutory provisions, however, permit the extension of the statute of limitations period from three to six years if certain requirements are met. Title 36 M.R.S.A. § 141(2)(A) provides,

An assessment may be made within 6 years from the date the return was filed if the tax liability shown on the return is less than ½ of the tax liability determined by the State Tax Assessor and the additional liability is attributable to information which was required to be reported but was not reported in the return.

Title 36 M.R.S.A. § 5270(2) provides,

If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25% of the amount of gross income stated in the return, an assessment may be made within 6 years after the return was filed. For purposes of this subsection, there shall not be taken into account any amount which is omitted in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the assessor of the nature and amount of such item.

The court determined that the requirements of neither section 5270(2), nor section 141(2)(A) had been met to extend the statute of limitations period. The court did not address Koch's argument that only section 5270(2) applied to this income tax case, and that section 141(2)(A), being of general applicability, should not be applied.[2]

[¶ 6] The Assessor contends that both extender provisions apply and that the limitations period should be extended to six years if the requirements of either provision are met. It is a basic maxim of statutory construction that:

[w]here one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling.

*See Butler v. Killoran*, 1998 ME 147, ¶ 11, 714 A.2d 129 (quoting 2B SUTHERLAND, STATUTORY CONSTRUCTION § 51.05, at 174 (1992 & Supp.1998)). Section 141(2)(A) is codified within the uniform administrative provisions of Part 1 of Title 36 and is generally applicable to the entire tax code. Section 5270(2) is codified within Part 8 of Title 36 which applies specifically to income taxes.[3] Section 141(2)(A) applies when taxpayers understate their *tax liability* by more than 50%. Section 5270(2) applies when taxpayers understate their *gross income* by more than 25%.

[¶ 7] Koch contends that the extender provision in section 141 is generally applicable to tax assessments, but that when the tax assessment involves income tax, as does this case, the extender provision in sec-

---

**2.** In *Gordon v. Halperin*, 447 A.2d 62 (Me.1982), we did not decide which of the two statute of limitation provisions applied in an income tax case because the tax deficiency assessment was not time barred under either provision. *Id.* at 63.

**3.** Section 5270 was originally enacted in 1969. *See* P. & S.L.1969, ch. 154, § F. 1. In 1979, in an attempt to standardize the Maine tax laws and increase their internal consistency, the Legislature enacted a series of provisions, including section 141. *See* P.L.1979, ch. 378, § 4; 2 Legis. Rec. 1394 (1979). As part of the same Public Law, the Legislature repealed all subsections of section 5270 *except* subsection (2). *See* P.L.1979, ch. 378, §§ 39–41. Thus, the Legislature was aware that the two statute of limitations extender provisions co-existed.

tion 5270(2), and not section 141, must be applied. Although consistent with the rule of statutory interpretation that specific statutory provisions take precedence over general provisions, this construction overlooks the initial part of that maxim requiring statutory sections to be read in harmony if possible. *See Butler*, 1998 ME 147, ¶ 11, 714 A.2d 129. The interpretation urged by the Assessor harmonizes the two statutes. When the assessment arises *outside* the income tax context, section 141(2) applies to extend the limitations period. When the assessment arises in the area of income taxes, section 5270(2) applies when there is an underreporting of gross income by 25% or more, and section 141(2) applies when the tax liability reported is less than 50% of the liability determined by the Assessor. There is nothing in the language of either statute that prohibits the simultaneous application of both sections to extend the period of limitations. The Legislature could have excluded the application of section 141(2)(A) in the income tax context, but it did not do so.[4]

[¶ 8] The Superior Court concluded that the extender provision of section 5270(2) did not apply to extend the three year limitations period. The court found that, although Koch's 1987 and 1989 tax returns underreported gross income by more than 25%, there was information attached to the returns that was "adequate to apprise the assessor of the nature and amount" of that omitted income within the meaning of that section, thus precluding the Assessor from relying on the extender provision.[5]

■ [¶ 9] The court also applied a similar standard to conclude that section 141(2)(A) did not extend the limitations period to six years. The trial court found,

[T]he information provided by [Koch] was adequate to inform the Assessor that there was a basis to view [Koch] as part of a multi-corporate unitary business. Thus, this information cannot be viewed as "not reported in the return" to trigger the extender provision of § 141(2)(A).

In arguing the correctness of the Superior Court's conclusion, Koch contends that enough information was contained in the material filed with Koch's tax returns to adequately alert the Assessor to Koch's actual tax liability as a multi-corporate business. Thus, Koch contends that the information should be deemed reported for purposes of section 141(2)(A), preventing the extender provision from applying. The statutory language, however, does not support such a construction. We agree with the Assessor that the trial court improperly applied the "clue test" set out in section 5270(2) to determine if the requirements of section 141(2)(A) were met. Unlike section 5270(2), section 141(2)(A) contains no language precluding the extension of the limitations period if the Assessor should be alerted to the actual tax liability of the taxpayer by the presence of certain "clues,"[6] *i.e.*, there is information

4. Koch also contends that section 5270(2) should be the exclusive statute of limitations extender provision applicable to income tax assessments because that interpretation is most favorable to it. We disagree. Limitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the State. *See Bufferd v. Commissioner*, 506 U.S. 523, 527 n. 6, 113 S.Ct. 927, 930, 122 L.Ed.2d 306 (1993) (citing *Badaracco v. Commissioner*, 464 U.S. 386, 392, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984)). In the absence of an explicit intent on the part of the Legislature to preclude application of section 141(2)(A) in the income tax context, the statute of limitations can be extended to six years in favor of the government if the requirements of either extender provision are met.

5. Because we determine that the provisions of 36 M.R.S.A. § 141(2)(A) apply to extend the limitations period to six years and thus to validate the 1994 assessments, we do not address whether

the Superior Court's findings as to the inapplicability of the extender provision of section 5270(2) are clearly erroneous.

6. The "clue test" originated in the United States Supreme Court decision *Colony v. Commissioner*, 357 U.S. 28, 36, 78 S.Ct. 1033, 1038, 2 L.Ed.2d 1119 (1958). The Supreme Court explained the Legislature's intent when enacting a federal statute nearly identical to § 5270(2):

"Congress manifested no broader purpose than to give the Commissioner an additional two years to investigate tax returns in cases where, because of a taxpayer's omission to report some taxable item, the commissioner is at a special disadvantage' in detecting errors. In such instances the return on its face provides no clue to the existence of the omitted item. On the other hand, when, as here, the understatement of a tax arises from an error in reporting an item disclosed on the face of the

attached to the return that should alert the Assessor to the fact that there may be a substantial underreporting of tax liability. Section 141(2)(A) refers only to the reporting of information, does not contain language referring to disclosures "in a manner adequate to apprise the Assessor" as does section 5270(2), and indeed has no "clue test" at all. *See Whittier*, 681 A.2d at 2.

■ [¶ 10] The facial requirements of section 141(2)(A) to trigger an extension of the limitations period have been met. Koch did not file the required Schedule CB [7] in 1987 and 1989. The CB schedule lists the names of all business entities engaged in the multi-corporate business, the total federal taxable income, and the property, payroll, and sales of each business in Maine and everywhere else. Although Koch did list the total expected tax liability of Koch Industries, Inc. as a consolidated group, and did include a listing of all affiliated members, the financial figures of each member of the affiliated group, the precise numbers that are needed to determine the amount of income subject to tax in Maine, were not reported anywhere in the 1987 or 1989 returns. The additional tax liability determined by the Assessor is attributable to the information that was not so reported. "The tax liability shown on the return [was] less than 50% of the tax liability determined by the State Tax Assessor and the additional liability is attributable to information which was required to be reported but was not reported in the return." 36 M.R.S.A. § 141(2)(A).

[¶ 11] Accordingly, section 141(2)(A) applies to extend the limitations period to six years, making the assessment proper.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment for the State Tax Assessor.

---

return the Commissioner is at no such disadvantage."
*Id.* If there are sufficient "clues" to alert a tax assessor that underreporting of tax liability has occurred, the statute of limitations period will not be extended.

7. Any taxable corporation that has a Maine nexus and is a member of an affiliated group, whether unitary or not, must include a completed Schedule CB (combined reporting) with its corporate income tax return.