STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
Civil Action
Docket No. AP-00-015
JRA - KEN - 7/6/2000

MARTIN REISER,                    )
                                  )
          Petitioner              )
                                  )
v.                                )          DECISION AND ORDER
                                  )
MAINE BOARD OF PHARMACY,          )
                                  )
          Respondent              )

This matter is before the court on the respondent's motion to dismiss the petitioner's appeal. The motion claims that this court lacks jurisdiction over this appeal and it ought therefore be dismissed. For the reasons set out herein, the motion is to be granted.

The petitioner was disciplined by the Maine Board of Pharmacy (Board) and, apparently discontent with that action, appealed to the Administrative Court which thereafter affirmed the Board's action. He then filed a notice of appeal to this court, believing that it had jurisdiction to further review this matter in its appellate capacity. The Board, correctly perceiving that the petitioner has selected the wrong forum to pursue his appeal, asks this court to dismiss the case.

The Maine Pharmacy Act, 32 M.R.S.A. § 13701-13810 (1998 & Supp. 1999), establishes the Maine Board of Pharmacy and authorizes it to take disciplinary action against a licensed pharmacist. *Id.* §§ 13711, 13741. If the Board determines that disciplinary action is to be taken against a pharmacist, it may take a variety of

actions "it deems appropriate as set forth in Title 10, Section 8003, subsection 5 . . .".

*Id.* § 13741. That provision reads in pertinent part as follows:

> The jurisdiction to suspend occupational and professional licenses conferred by this subsection is concurrent with that of the Administrative Court. Civil penalties must be paid to the Treasurer of State.
>
> Any nonconsensual disciplinary action taken under authority of this subsection may be imposed only after a hearing conforming to the requirements of Title 5, chapter 375, subchapter IV, and is subject to judicial review exclusively in the Administrative Court in accordance with Title 5, chapter 375, subchapter VII, substituting the term "Administrative Court" for "Superior Court," notwithstanding any other provision of law.

10 M.R.S.A. § 8003(5) (Supp. 1999) (footnotes omitted).

The meaning of these cited statutes is plain and reveals a legislative intent that the Board has the power to discipline pharmacists and that its authority to do so is concurrent with the jurisdiction of the Administrative Court when the discipline entails suspension of licensure.[1] *Cook v. Lisbon School Comm.*, 682 A.2d 672, 676 (Me. 1996) (stating that when a court interprets a statute it must first look to the plain meaning of the statutory language to give effect to legislative intent). Further, when the Board imposes nonconsensual disciplinary action, including license suspension, the Administrative Court has the exclusive authority to review such action in accordance with Title 5, chapter 375, subchapter VII (5 M.R.S.A. §§ 11001-

---

[1] This case did not involve the suspension of the petitioner's license and therefore was properly heard by the Board. *See also* 5 M.R.S.A. § 10051(1) (stating that the Administrative Court has jurisdiction to revoke or suspend licenses issued by an agency upon complaint of the agency or the Attorney General).

11008 (1989)). Moreover, when reading section 11001 of the cited subchapter, one is required by section 8003(5) of Title 10 to substitute "Administrative Court" for "Superior Court," "notwithstanding any other provision of law." Consistent with this legislative direction, 5 M.R.S.A. § 11001(1) must therefore be read in pertinent part with these substituted words as follows:

> ". . . any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the [Administrative Court] in the manner provided by this subchapter."

These statutory directions to proceed to the Administrative Court for appellate review of disciplinary decisions by professional boards are repeated at 5 M.R.S.A. § 10051(3) (Supp. 1999) and 4 M.R.S.A. § 1151(2-A) (1989). Section 10051(3) of Title 5 reads:

> **3. Appellate jurisdiction.** The Administrative Court has exclusive jurisdiction to review disciplinary decisions of occupational licensing boards and commissions taken pursuant to Title 10, Section 8003 . . . The Maine Administrative Procedure Act, chapter 375, subchapter VII, governs these proceedings as far as applicable, substituting "Administrative Court" for "Superior Court."

(footnote omitted). Section 1151(2-A) of Title 4 reads:

> **2-A. Appellate jurisdiction.** The Administrative Court shall have exclusive jurisdiction to review disciplinary decisions of occupational licensing boards and commissions taken pursuant to Title 10, section 8003. The Main [sic] Administrative Procedure Act, Title 5, chapter 375, subchapter VII, shall govern this procedure as far as applicable, substituting "Administrative Court" for "Superior Court."

(footnote omitted).

Thus, all the statutory provisions which specifically reference appellate procedure to be followed after a professional licensing board imposes disciplinary action require that appellate review be undertaken by the Administrative Court, that chapter 375, subchapter VII of the Administrative Procedures Act governs this appellate procedure, and that wherever "Superior Court" appears in that subchapter "Administrative Court" is to be substituted.

Continuing to follow this legislative guidance as to the appropriate appellate procedure as it may be found in Title 5, chapter 375, subchapter VII, and substituting the words "Administrative Court" for "Superior Court," one is directed at section 11008 of this subchapter that when an appeal to the Law Court is desired, "[a]ny party to the review proceeding in the [Administrative Court] under this subchapter may obtain review by appeal to the Supreme Judicial Court sitting as the law court . . . ." 5 M.R.S.A. § 11008(1).

Thus, because all the statutes applicable to appeals from licensing board disciplinary decisions consistently require adherence to the procedure prescribed within the cited subchapter, it can only be concluded that once the Administrative Court has heard and disposed of an appeal in this context, the next appellate step is to the Law Court and not to this court. To read these provisions otherwise is to ignore their plain meaning and to defy the law's requirement that a court reviewing statutory language is to give effect to legislative intent so that the result reached is harmonious with the whole statutory scheme. *Daniels v. Tew Mac Aero Servs., Inc.*, 675 A.2d 984, 987 (Me. 1996).

4

Nevertheless, the petitioner cites the court to 4 M.R.S.A. § 1157 (1989) and M. Admin. C.R. 73(a) to support his argument that he may proceed from the Administrative Court to this court for a review of the former's decision. The cited statute reads:

> Judicial review of an Administrative Court decision may be had in the Superior Court in the manner provided by rules adopted for this purpose by the Supreme Judicial Court. The resulting Superior Court Decision may be appealed by any party thereto, in the same manner as in other civil cases, to the Supreme Judicial Court, sitting as the law court.

M. Admin. C.R. 73(a) reads:

> (a) Appeal Generally. Except as provided in subdivision (b) of this rule, Rule 76D of the Maine Rules of Civil Procedure governs procedure on appeal to the Superior Court, substituting "Administrative Court" for "District Court" and "decision" for "judgment" wherever those terms appear.

Thus, he argues, while the respondent may be correct that an appeal of a professional disciplinary action may be taken directly to the Law Court from the Administrative Court, the Legislature also intended that an aggrieved licensee, by virtue of the cited statute and rule, can take an additional or intermediate appeal to the Superior Court. This argument fails for several reasons.

First, there is a basic maxim in statutory interpretation that,

> [w]here one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the Legislature intended to make the general act controlling.

5

*Koch Refining Co. v. State Tax Assessor*, 1999 ME 35, ¶ 6, 724 A.2d 1251, 1253 (quoting *Butler v. Killoran*, 1998 ME 147, ¶ 11, 714 A.2d 129, 133-34). Applying that rule of construction to the debate at hand, it is evident that the more generalized provisions relied on by the petitioner must yield to the specific legislative directions that apply to appeals of administrative decisions affecting professional licenses that do not originate in the Administrative Court. This conclusion is not inconsistent with M. Admin. C.R. 73(a) which is designed to effectuate appeals from the Administrative Court to the Superior Court when such is the appropriate appellate step. When it is not, obviously the cited rule cannot apply because where there are statutory requirements for making or perfecting an appeal, they require strict compliance. *Rice v. Amerling*, 433 A.2d 388, 391 (Me. 1981) (citing *Harris Baking Co. v. Mazzeo*, 294 A.2d 445, 453 (Me. 1972)). A court-made rule can not supersede a legislative direction concerning appellate jurisdiction because the powers of a court to review cases are "entirely and exclusively those plainly conferred by statute." *Id.* (quoting *Papapetrou v. Edgar*, 290 A.2d 202, 204 (Me. 1972)).

The Law Court, as the ultimate rule-making authority on court procedure, and consistent with its acknowledgement of legislative authority to define a court's appellate authority, has refused to construe a rule of procedure in a way "to extend the statutory jurisdiction of the Superior Court." *McNamara v. Elbthal*, 515 A.2d 747, 748 (Me. 1986). That being so, this court is, of course, constrained from adopting an interpretation of M. Admin. C.R. 73(a) which confers appellate jurisdiction on this court when the Legislature has specifically prescribed an appellate process which

6

does not include this court when the matter to be appealed is, as here, a professional disciplinary matter which has already been appealed to the Administrative Court.

All this being so, this court must concur with the respondent, and conclude that it lacks appellate jurisdiction in this case and, therefore, grants the pending motion.

Accordingly, the entry will be:

Motion to Dismiss Petitioner's Appeal is GRANTED.

So Ordered.

Dated: July 6, 2000

John R. Atwood
Justice, Superior Court

| Date Filed 3/13/00 | Kennebec | Docket No. AP00-15 |

County

Action Administrative Court Appeal

Martin Reiser     vs. Maine Board of Pharmacy

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James E Mitchell Esq<br>86 Winthrop St<br>Augusta Me 04330 | James M Bowie AAG    3/22/00<br>6 State House Sta<br>Augusta Me 04333 |

| Date of Entry | |
|---|---|
| 3/13/00 | Notice of appeal from the Administrative Court with all papers filed. Agency record (including 9 audio cassettes filed in Vault drawers. |
| 3/22/00 | Letter entering appearance filed. s/Bowie AAG |
| 3/24/00 | Motion to dismiss petitioners appeal M.R. Civ.P. 12(b)(1) filed. s/Bowie AAG<br>Memorandum of law in support of respondents motion to dismiss the appeal filed. s/Bowie AAG<br>Request for hearing filed. s/Bowie AAG<br>Proposed order filed. |
| 3/31/00 | Petitioner's Response to Respondent's Motion to Dismiss, filed. s/Mitchell, Esq. |
| 4/3/00 | Respondent's Reply Memorandum in Support of Dismissal of Petitioner's Appeal, filed. s/Bowie, AAG |
| 4/21/00 | Copy of letter to James E Mitchell Esq regarding time periods filed. s/Chute Clerk of Law Court |
| 5/26/00 | Request for Record on Appeal, filed. s/Mitchell, Esq. |
| 5/26/00 | REQUEST FOR RECORD ON APPEAL, Marden, J.<br>Issue before this court is jurisdictional at this time, request GRANTED. Copies mailed to attys of record. |
| 5/30/00 | Record picked up by Plaintiff |

Notice of setting for 6/29/00

sent to attorneys of record.

DONALD L. GARBRECHT
LAW LIBRARY

AUG 15 2000

| 6/30/00 | Hearing had on Motion to Dismiss held on 6/29/00 with Hon. Justice John Atwood, presiding.<br>James Mitchell, Esq. for the Plaintiff and James Bowie, AAG for the Deft. Oral arguments made to the court. Court to take matter under advisement. |