# STROMBERG–CARLSON CORP.

## v.

# STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Argued Dec. 13, 2000.
Decided Jan. 18, 2001.

David W. Bertoni (orally), Martin I. Eisenstein,, Brann & Isaacson, LLP, Lewiston, for plaintiff.

G. Steven Rowe, Attorney General, Crombie J.D. Garrett, Asst. Atty. Gen. (orally), Augusta, for defendant.

Jonathan A. Block, James G. Good, Pierce Atwood, Portland, for Me. Soc. of CPAs, amicus curiae.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Plaintiff, Stromberg–Carlson Corp., appeals from a judgment entered in the Superior Court (Kennebec County, *Atwood, J.*) affirming an assessment ordered by the State Tax Assessor. Because the court misapplied the statute of limitations pertaining to a tax assessment, 36 M.R.S.A. § 141 (1990), we vacate the judgment.

[¶ 2] The undisputed facts may be summarized as follows: In 1989 and .1990, Stromberg–Carlson Corp. (the taxpayer) reported and paid sales and use taxes to the State of Maine as required by 36 M.R.S.A. § 1951 (Supp.2000). The taxpayer reported gross sales on line 1 of the returns and sales of telephone equipment to Contel Material Management Co. as exempt sales on line 2a of the returns. It then deducted the exempt sales from the gross sales to arrive at taxable sales on line 3 of the returns.

[¶ 3] After an audit of the taxpayer's records in 1994, the State Tax Assessor assessed the taxpayer with additional sales and use tax, as well as interest and penalties, on its 1989 and 1990 sales to Contel. The assessment was made more than three years but less than six years from the date the taxpayer originally filed the returns. The Assessor determined that the Contel sales were not exempt, as had been reported, and thus should not have been deducted from gross sales. As a result, the amount of tax reported on the returns for the taxable years was less than 50 percent of the actual liability.

[¶ 4] The taxpayer sought timely reconsideration of the assessment with the Assessor pursuant to 36 M.R.S.A. § 151, claiming exemption on the basis that the Contel sales were for resale pursuant to 36 M.R.S.A. § 1752(11) (1990 & Supp.2000) and providing a resale certificate. The Assessor denied reconsideration on the basis that the taxpayer had not proved that the sales were for resale because the required resale certificate was dated April 16, 1991, a date after the tax years in question, and that the requirements for allowing a six-year limitation period were met. The taxpayer then filed a timely petition for judicial review in the Superior Court pursuant to 36 M.R.S.A. § 151, 5 M.R.S.A. § 11002 (1989) and M.R. Civ. P. 80C. The complaint included the taxpayer's assertion that the six-year statute of limitations requirements had not been met. The parties filed cross motions for summary judgment as to the limitations claim. In April 1999 the court entered summary judgment in favor of the State Tax Assessor on the limitations claim, and the taxpayer appealed.[1] With the consent of the parties pursuant to M.R. Civ. P. 75A(f)(1), the Maine Society of Certified Public Accountants filed an amicus brief.

[¶ 5] The Superior Court reviews decisions of the State Tax Assessor *de novo.* *See* 36 M.R.S.A. § 151. In this case there is no factual dispute, and we review the Superior Court's interpretation of the statute of limitations directly for

---

1. The court also ruled on the remaining counts of the petition in the April 1999 and June 2000 judgments. Only the ruling on the limitations claim is on appeal.

errors of law. *See Koch Refining Co. v. State Tax Assessor*, 1999 ME 35, ¶ 4, 724 A.2d 1251, 1252 (citation omitted). The court determined that, although the statute of limitations ordinarily expires three years after the date on which the return was filed or required to be filed, whichever occurs later, *see* 36 M.R.S.A. § 141(1), an exception to the rule, providing an extension to six years, applied in this case, *see* 36 M.R.S.A. § 141(2)(A).

[¶ 6] The statute provides in relevant part as follows:

**1. General provisions.** Unless other provided, any amount of tax which a person declares on a return filed by him with the State Tax Assessor to be due to the State shall be deemed to be assessed at the time the return is filed and shall be payable on or before the date prescribed for filing the return, determined without regard to any extension of time granted for filing the return. When a return is filed, the State Tax Assessor shall cause it to be examined and may conduct such audits or investigations as he believes necessary to determine the correct tax liability. If he determines that the amount of tax shown on the return is less than the correct amount, the State Tax Assessor shall assess the tax due the State. No such assessment shall be made after 3 years from the date the return was filed or the date the return was required to be filed, whichever is later. At any time within the appropriate assessment period prescribed by this section, the State Tax Assessor may make a supplemental assessment if he finds that any previous assessment is imperfect or incomplete in any material aspect.

**2. Exceptions.**

**A.** An assessment may be made within 6 years from the date the return was filed if the tax liability shown on the return is less than ½ of the tax liability determined by the State Tax Assessor *and the additional liability is attributable to information which* *was required to be reported but was not reported in the return.*

**B.** An assessment may be made at any time with respect to a time period for which a fraudulent return has been filed.

**C.** An assessment may be made at any time with respect to a time period for which a return has become due but has not been filed. . . .

36 M.R.S.A. § 141 (1990) (emphasis added).

■ [¶ 7] Thus, in order for the extended six-year limitations period to apply, two prongs must be met. The parties do not dispute the first prong, i.e., that the tax liability on the return was less than 50% of the actual liability determined after the audit. The issue is whether the second prong of the statutory requirement was met in this case, i.e., that "the additional liability is attributable to information which was required to be reported but was not reported in the return." The taxpayer and the amicus argue that the court erred in its interpretation of this statutory requirement, and we agree. The court interpreted the language as follows:

The petitioner claims that it reported its sales totally and accurately and hid nothing. But there is little difference in logic between mischaracterization of information and nondisclosure of information. The Legislature must have intended that information in a return be accurate and that that information, if required, be revealed on the return. That being so, inaccurate information on a return is tantamount to information that either misleads or is improperly disclosed and runs counter to the cited legislative purpose. As such, it is fair to infer that the Legislature authorized an extended period to make an assessment when a taxpayer disclosed all information but mischaracterized it. Were it otherwise, a taxpayer could avoid the six-year limitation period and escape tax liability by providing information on his/her return but mischaracterizing it.

Thus, as with the case at bar, reporting total sales but misidentifying some as exempt when they were not can fairly be characterized as providing "information which was required to be reported but was not reported in the return." 36 M.R.S.A. § 141(2)(A).

Similarly, the Assessor found that although the taxpayer reported the sales as exempt sales, it "failed to report its actual taxable sales, and that this failure is information that the taxpayer was required to report on its return, but failed to do so." Thus, the issue is even more narrowly defined as whether a disputed mischaracterization of a separate line item, which the parties do not claim to be fraudulent, is the equivalent of not reporting the item at all.

[¶ 8] Both sides look to our opinion in *Koch Refining Co. v. State Tax Assessor,* 1999 ME 35, 724 A.2d 1251 for guidance. Although we examined the requirements of section 141(2)(A) in *Koch,* we did not address the distinction at issue in this case, because we looked to the facial requirements of section 141(2)(A) and rested our decision on the fact that the taxpayer had not filed a required schedule and thus fell within the requirement that it had not reported required information. *See id.* ¶ 10, 724 A.2d at 1255. The issue on appeal in *Koch* was the taxpayer's contention that it had filed enough information to adequately alert the Assessor to its actual tax liability so that the information should be "deemed reported for purposes of section 141(2)(A)" to prevent the six-year period from applying. *See id.* ¶ 9, 724 A.2d at 1254. We concluded that the statutory language did not support this construction. We determined that, unlike 36 M.R.S.A. § 5270 (1990) that contains additional language "in a manner adequate to apprise the assessor of the nature and amount of such item," "section 141(2)(A) contains no language precluding the extension of the limitations period if ... there is information attached to the return that should alert the Assessor to the fact that there may be a substantial underreporting of tax liability." *Id.* In contrast to *Koch,* rather than the information being "deemed reported for purposes of section 141(2)(A)," the court in this case has "deemed" the information as not reported because it was inaccurately characterized.

[¶ 9] When construing the language of a statute, we look first to the plain meaning of the language to give effect to the legislative intent. *See id.* ¶ 4, 724 A.2d at 1252–53 (citation omitted). In determining plain meaning, we " 'consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved.' " *Id.* (citation omitted). We seek to avoid absurd, illogical or inconsistent results. *See Fairchild Semiconductor Corp. v. State Tax Assessor,* 1999 ME 170, ¶ 7, 740 A.2d 584, 587. Words must be given meaning and not treated as meaningless and superfluous. *See Handyman Equip. Rental Co. v. City of Portland,* 1999 ME 20, ¶ 9, 724 A.2d 605, 607. We have also refused to add language to section 141(2)(A) that was not there. *See Koch,* 1999 ME 35, ¶ 9, 724 A.2d at 1254 (rejecting taxpayer's attempt to read in "in a manner adequate to apprise the assessor of the nature and amount of such item"); *see also UAH–Hydro Kennebec, L.P. v. State Tax Assessor,* 659 A.2d 865, 867 (Me.1995) (rejecting the Assessor's attempt to add a requirement to the sales and use tax exemption statute).

[¶ 10] In this case, the statute does not specify that all information must be accurately characterized in order to be considered reported. Viewed as a whole, the two-prong test in question is an exception to the three-year statute of limitations that is contained within a general provision concerning assessment procedures. The general provision establishes the Assessor's powers and duties to determine and assess the correct tax. The statute envisions that there may be inaccuracies and thus provides the Assessor with the authority to

examine the returns and to investigate any potential inaccuracies with an audit. It also gives the Assessor three years to do that. *See id.* The statute then provides limited exceptions to the three-year rule, including when the taxpayer either (1) does not report information in the return that is required to be reported, (2) files a fraudulent return, or (3) fails to file a required return. *See* 36 M.R.S.A. § 141(2)(A)-(C).[2] As the amicus argues, there is a common thread in each of the exceptions, i.e., there is information that is hidden from the Assessor affecting his ability upon examination of the return to determine whether an audit should be conducted and requiring more time to make that determination.

[¶ 11] In this case, the exempted sales were reported separately on the return, so when the Assessor examined the return, he was placed on notice that an audit might be required to consider the exemption. This in fact is the basis for many sales tax audits—when the taxpayer believes a sale qualifies as exempt under the many exemptions to the sales tax law and the Assessor believes it does not qualify for the exemption. *See, e.g.,* 36 M.R.S.A. § 1760 (1990 & Supp.2000) (listing 83 exemptions); 36 M.R.S.A. § 1752(11) (1990 & Supp.2000) (excluding sales for resale from "retail sale" and thus from tax); *UAH–Hydro Kennebec, L.P. v. State Tax Assessor,* 659 A.2d 865 (Me.1995) (challenging interpretation of exemption); *Scott Paper Co. v. State Tax Assessor,* 610 A.2d 275 (Me.1992) (challenging interpretation of exemption). This differs significantly from the situation in which the information is left off the return entirely: for example, if the taxpayer here had netted the exempt sales with the gross sales and only reported the net sales on line 1 and no exempt sales on line 2a. Under that scenario, the hidden information would affect the Assessor's ability to determine whether an audit

should be conducted. In this case, the Assessor could have examined the returns within three years of the filing, learned that the taxpayer was claiming a significant portion of its sales as exempt, and conducted an audit to test that claim.

[¶ 12] If the Assessor's reclassification from non-taxable to taxable is all that is required to trigger the extended six-year limitation period, it would lead to the illogical result that all sales tax audits that result in a 50% understatement would be subject to the six-year limitation. If all information reported on the return were accurate, then it is difficult to conceive of an example where both an audit would be required and that audit would result in a higher assessment, as anticipated by the two requirements of the six-year exception to the general rule. There may be a number of indicators on a return that trigger an audit, such as a high percentage of exempt sales in the sales tax context, or a high percentage of deductions or business expenses on an individual income tax return, but if all the information were accurate, then no error would ever be discovered. It is also possible that a return could have all the information reported accurately and have a mistake in the mathematical calculations, but this type of inaccuracy can be identified by a facial examination of the return and does not require an audit or investigation. To equate mischaracterizing information with failing to report information is to eliminate the second prong from the extended statute of limitations provided in section 141. Although it is reasonable to assume that the Legislature intended that all information be reported accurately, it does not follow that if it is inaccurately characterized it is deemed not reported.

[¶ 13] The interpretation adopted by the Superior Court undermines the purpose of the statute of limitations and the balance sought to be created. *See*

2. The other two exceptions deal with jeopardy assessments and agreements. *See* 36

M.R.S.A. § 141(2)(D), (E).

*Myrick v. James,* 444 A.2d 987, 994 (Me. 1982). The limitations period balances the Assessor's need for sufficient information to correctly assess the taxes against the taxpayer's need to defend itself within a reasonable time period. The purpose of the statute, in general, is to provide eventual repose for potential defendants and to avoid the necessity of defending stale claims. *See id.* As a statute of repose, section 141 must be construed strictly in favor of the bar which it creates. *See Harkness v. Fitzgerald,* 1997 ME 207, ¶ 5, 701 A.2d 370, 372. "[L]imitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the State." *Koch,* 1999 ME 35, ¶ 7 n. 4, 724 A.2d 1251, 1254 n. 4 (citing *Bufferd v. Commissioner,* 506 U.S. 523, 527 n. 6, 113 S.Ct. 927, 122 L.Ed.2d 306 (1993); *Badaracco v. Commissioner,* 464 U.S. 386, 392, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984)). So construed, section 141 imposes no burden or hardship on the Assessor beyond the requirement for an audit within three years of filing the return.

The entry is:

Judgment vacated. Remanded to the Superior Court for an order dismissing the assessment as barred by 36 M.R.S.A. § 141.