STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: AP-07-016

WASHBURN & DOUGHTY and
MAINE EMPLOYERS' MUTUAL
INSURANCE COMPANY

          Plaintiffs,        RECEIVED

                                                  **80C APPEAL**

    v.

JEFFREY POTTLE,

          Defendant.

This case comes before the Court on Petitioners Washburn & Doughty and

Maine Employers' Mutual Ins. Co.'s appeal of a governmental action pursuant to

M.R. Civ. P. 80C.

## BACKGROUND

Petitioners Washburn & Doughty and Maine Employers' Mutual Ins. Co.

("MEMIC") (collectively "Petitioners") appeal a final agency decision by the

Maine Workers' Compensation Board (the "Board") regarding their claim for

penalties and forfeiture filed against employee Jeffrey Pottle ("Mr. Pottle")

pursuant to 39-A M.R.S.A. § 360(2) of the Maine Workers' Compensation Act.

The facts of this case are largely undisputed. In May 1999 Mr. Pottle

began work with Washburn & Doughty. In December of that year he suffered an

injury for which he filed a Petition for Award with the Board including a request

for prospective authorization for carpal tunnel surgery. The Board granted the

Award and Protection on April 30, 2004, specifically ordering employer to pay

for Mr. Pottle's carpal tunnel surgery when performed but awarding no ongoing

benefit to Mr. Pottle.

1

Prior to the Award, on May 4, 2003, employer's insurance carrier, MEMIC, requested that Mr. Pottle complete an Employment Status Report. Mr. Pottle promptly complied with the request, reporting employment from January through May 2003. On June 10, 2003, Mr. Pottle began work with Bath Iron Works ("BIW").

Mr. Pottle (through counsel) informed Petitioners on November 18, 2004, that he was scheduled for December 15, 2004 carpel tunnel surgery. He did not request any benefits for lost time.

On December 17, 2004, MEMIC filed a Memorandum of Payment with the Board and indicated that they intended to voluntarily pay weekly benefits pending investigation. Petitioners began payments to Mr. Pottle, effective December 15, 2004, pursuant to the April 2004 Award and additionally began incapacity benefits, without prejudice to Mr. Pottle.

Mr. Pottle returned to work at BIW in January 2005. His surgeon issued a report to MEMIC (received by MEMIC on February 9, 2005) indicating that Mr. Pottle was released to return to full duty work. Mr. Pottle notified MEMIC on July 19, 2005 that he had returned to work at BIW. Petitioners immediately filed a Petition for Review at which time both parties agreed that termination of benefits was appropriate. Mr. Pottle received $395.47 per week from December 15, 2004 through July 19, 2005.

Petitioners subsequently filed a Petition for Penalties and Repayment, pursuant to 39-A M.R.S.A. § 360(2) on November 10, 2005, alleging a willful violation of the Maine Workers' Compensation Act. The Petitioners assert that Mr. Pottle returned to work with BIW, failed to fulfill his duty to notify Petitioners of his employment and willfully and wrongfully collected six and a

2

half months of incapacity benefits. Petitioners sought penalties and repayment of benefits against Mr. Pottle from January 2005, when he returned to work with BIW.

The Board conducted an evidentiary hearing on October 11, 2006. The hearing officer concluded, on February 13, 2007, that, although Mr. Pottle did have an affirmative duty to report his work pursuant to § 306(1), his omission was not willful or intentional as defined in § 306(2).[1] Consequently, because the remedies sought were pursuant to § 306(2) and not § 306(1), and because the hearing officer determined that the Petitioners did not bear their burden of showing willful or intentional conduct on the part of Mr. Pottle, penalties and repayment were denied under the Act.

## STANDARD OF REVIEW

The Court may only reverse or modify an administrative agency's decision if it is based upon "bias or error of law," is "unsupported by substantial evidence on the whole record," is "arbitrary and capricious," or involves an "abuse of discretion" by the agency. 5 M.R.S.A. § 11007(4)(C)(4)-(6). According

---

[1] 39-A M.R.S.A. § 360 reads in pertinent part:

1. REPORTING VIOLATIONS. The board may assess a civil penalty not to exceed $100 for each violation of any person:
    A. Who fails to file or complete any report or form required by this Act or rules adopted under this Act; or
    B. Who fails to file or complete such a report or form within the time limits specified in this Act or rules adopted under this Act.

2. GENERAL AUTHORITY. The board may assess, after hearing, a civil penalty in an amount not to exceed $1,000 for an individual and $10,000 for a corporation, partnership or other legal entity for any willful violation of this Act, fraud or intentional misrepresentation. The board may also require that person to repay any compensation received through a violation of this Act, fraud or intentional misrepresentation or to pay any compensation withheld through a violation of this Act, fraud or misrepresentation, with interest at the rate of 10% per year.

3

to the Law Court, the power to review decisions of the Commission is confined to an examination of "whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n*, 1998 ME 177,¶ 6, 714 A.2d 818, 820. Additionally, the Court cannot "substitute its judgment for that of the agency on questions of fact." 5 M.R.S.A. § 11007(3). "[U]nless the record before the Commission compels a contrary result," the Court will uphold the agency decision. *McPherson*, 1998 ME 177, ¶ 6, A.2d at 820. Finally, "the burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982).

## DISCUSSION

### I.  Jurisdiction

Petitioners argue that this Court lacks jurisdiction to hear this appeal under 39-A. M.R. S.A. § 360(3) as it existed at the inception of this appeal because it unambiguously allows for an appeal only upon the imposition of a penalty by the Workers Compensation Board.[2]

When considering a statute, this Court considers the "plain meaning of statutory language to 'give effect to the legislative intent.'" *Town of Ogunquit v.*

---

[2] At the time of appeal 39-A M.R.S.A. § 360(3) read in pertinent part:

3. **Appeal.** Imposition of a penalty under this section is deemed to be final agency action subject to appeal to the Superior Court, as provided in Title 5, chapter 375, subchapter VII.

On May 8, 2007 revised § 360(3) was enacted and reads:

3 **Appeal.** <u>A decision of the board</u> under this section is deemed to be final agency action subject to appeal to the Superior court, as provided in Title 5, chapter 375, subchapter VII. (emphasis added).

*Dept. of Public Safety,* 2001 ME 47, ¶ 7, 767 A.2d 291, 293 (*quoting Koch Ref. Co. v. State Tax Assessor, 1999 ME 35, P4, 724 A.2d 1251, 1252-53*). Moreover, "the statutory scheme as a whole [is considered] to achieve a "harmonious result," and [to] avoid a statutory construction that creates absurd, illogical, or inconsistent results. *Id.* (citations omitted).

Though § 360(3) does not specifically grant an appeal when no penalty is imposed, it does not deny such an appeal. 39-A M.R.S.A. § 360(3) (2006). Consequently the right of appeal beyond imposition of a penalty is ambiguous on the face of the statute. Moreover, the right to appeal is specifically subject, on the face of the statute, to 5 M.R.S.A. chapter 375. *Id.* Section 11001 of that chapter allows that "any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court." 5 M.R.S.A. § 11001 (2006).

Construing these statutes to achieve a harmonious result and to avoid the absurd/illogical construction that would allow one party to an agency action the right to appeal while denying appeal to the other party, this Court finds the interpretation of the Workers' Compensation Board and the subsequent legislative amendment to § 360(3) persuasive. A final agency action by the Workers' Compensation Board is deemed not limited by the imposition of a penalty under 39-A M.R.S.A. § 360.

## II.     Did the Hearing Officer Err in Her February 2007 Decision?

Petitioners claim that Mr. Pottle willfully violated the Workers' Compensation Act when he failed to report his return to work in January 2005. In support of that contention Petitioners mistakenly rely on a case

wherein the fact finder concluded that the claimant intentionally failed to inform the Board of subsequent earnings. See *Cloutier-Henningar v. Me. Workers' Comp. Bd.*, CUMSC-AP-2002-0041 (Me. Super. Ct., Cumb. Cty., May 28, 2003) (Crowley, J.).

Unlike the fact finder in *Cloutier-Henningar*, the hearing officer in this case concluded that Mr. Pottle did not willfully fail to inform the Board. She based this conclusion upon Mr. Pottle's credible testimony regarding his lack of understanding of his duties under the Act and his prompt willingness to comply with all requests made of him regarding the Act. Her findings were also based on the nature of the payments from MEMIC, which were voluntarily made without prejudice to Mr. Pottle and contingent upon a pending investigation.

Though Mr. Pottle admittedly received a six and a half month windfall, the Petitioners failed to meet their burden to show that the hearing officer's decision was unsupported by substantial evidence in the record, arbitrary or capricious or that she incorrectly applied the law. Consequently, this Court affirms the decision of the Maine Workers' Compensation Board.

**The entry is:**

The February 13, 2007 decision of the Maine Workers' Compensation Board denying Petitioners claim for penalties and forfeiture filed against Jeffrey Pottle pursuant to 39-A M.R.S.A. § 360(2) of the Workers' Compensation Act is AFFIRMED.


DATE: _November 6, 2007_

_____
Roland A. Cole
Justice, Superior Court

6

Date Filed __03-09-07__ _____CUMBERLAND_____ Docket No. __AP-07-16__

County

Action __80C APPEAL__

WASHBURN & DOUGHTY
MAINE EMPLOYERS MUTUAL INSURANCE CO
(MEMIC)

JEFFREY POTTLE

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RICHARD F VAN ANTWERP ESQ<br>PO BOX 568<br>PORTLAND ME 04112-0568<br>(207)772-6565 | ROBERT M MORRIS ESQ<br>52 CENTER STREET<br>PORTLAND ME 04101<br>772-0303 |

Date of
Entry