THE ANACONDA COMPANY ET AL., PLAINTIFFS AND RESPOND-
ENTS, *v.* DEPARTMENT OF REVENUE ET AL., DEFENDANTS
AND APPELLANTS.

No. 14009.
Submitted April 24, 1978.
Decided Aug. 23, 1978.
583 P.2d 421.

Loble, Pauly, Haden, Picotte & Norris, James L. Norris, Helena, argued for defendants and appellants.

Jardine, Stephenson, Blewett & Weaver, John D. Stephenson, Sr., argued, Great Falls, for plaintiffs and respondents.

MR. JUSTICE SHEA delivered the opinion of the Court.

The Department of Revenue appeals from a declaratory judgment issued by the Lewis and Clark County District Court declaring void amended tax notices issued to the Anaconda Company and its subsidiaries.

Plaintiffs are seven corporate entities, each an affiliate of the conglomerate Anaconda Company. By conducting their business in this state the corporations are subject to Montana Licensing Tax, sections 84-1501 through 84-1526, R.C.M.1947. The Department of Revenue is the state agency responsible for assessing and collecting the licensing tax.

The present controversy arose over the corporations' tax liability for the years 1966, 1967, 1968 and 1969. Under section 84-1508.2, R.C.M.1947, if the Department of Revenue (hereafter, Revenue Department) determines the amount of tax due is greater than the amount disclosed by the taxpayer's return, the Revenue Department must mail the taxpayer a notice disclosing the additional proposed tax. The statute further provides increased tax deficiencies cannot be assessed unless the Revenue Department mails a

notice to the taxpayer within five years from the date the taxpayer files his return. One exception to the five-year period is when, before the expiration of the period prescribed for assessment of the tax, taxpayer *consents in writing* to an assessment *after* the statutory five-year period. Here all corporations agreed in writing to extend until May 14, 1976, the time for the assessment of the taxes for the years 1966, 1967, 1968 and 1969.

Before the May 14 deadline (on April 22, 1976) the Revenue Department mailed notices of tax deficiencies to each of the corporations. The corporations responded with a timely filing of their respective protests. Thereafter the parties held negotiations in an attempt to reach a compromise position on the taxes payable. In time, these negotiations failed.

On January 25, 1977, the Revenue Department mailed amended notices of deficiency to all seven corporations. These notices informed the corporations the Revenue Department was seeking tax deficiencies greater than those set forth in the April 22, 1976 notices and also the theories for recovery were being changed. The corporations again responded with a timely filing of protests. Thereafter, the corporations filed a declaratory judgment action in District Court seeking a ruling to invalidate the amended tax notices sent out in January 25, 1977.

The corporations filed motions for summary judgment, a hearing was held on May 12, 1977, briefs were later filed, and on September 6, 1977, the District Court ruled the amended notices of January 25, 1977 were void. The Revenue Department appeals from this ruling.

The sole issue revolves around an interpretation of sections 84-1508.1 and 84-1508.2, R.C.M.1947. The Revenue Department urges that section 84-1508.2 is a statute of limitations which was tolled when the Revenue Department sent its April 22, 1976 notices to the seven corporations. They urge that any later amended notices of tax deficiency would relate back to the original tolling of the statute. The corporations contend, on the other hand, that section 84-1508.2 is a restriction on the powers of the Revenue

Department. Consequently, the taxpayers contend the notices sent by the Revenue Department on January 25, 1977 were invalid.

Administrative agencies, of course, have only those powers specifically conferred upon them by the legislature. *Polson v. Public Service Commission* (1970), 155 Mont. 464, 473 P.2d 508. The authority of the Revenue Department to act in the context of this case is contained in sections 84-1501 through 84-1526. The assessment of deficiencies is provided for in section 84-1508.2, which states:

"Except as otherwise provided in this section and in section 84-. 1513, R.C.M.1947, *no deficiency shall be assessed or collected* with respect to the year for which a return is filed unless the notice of additional tax proposed to be assessed is mailed within five (5) years from the date the return was filed. * * * Where before the expiration of the period prescribed for assessment of the tax, the taxpayer *consents in writing* to an assessment after the time, *the tax may be assessed at any time prior to the expiration of the period agreed upon.*" (Emphasis added.)

Here, the parties agreed in writing that May 14, 1976 would be the last day for mailing notices of deficiency assessments. The first notices sent by the Revenue Department were timely (April 22, 1976). The record does not disclose what happened between the May 14, 1976 deadline and January 25, 1977, when the Revenue Department sent what they called an "amendment notice of deficiency" to each of the seven corporations.

In *State ex rel. Anderson v. State Board of Equalization* (1957), 133 Mont. 8, 319 P.2d 221, this Court construed the state income tax provision of section 84-4920, R.C.M.1947, and held it was not strictly a statute of limitations but was also a limitation on the power of the taxing authority. There we held the statute set out a limit on the Board's authority to reassess returns after the return was filed, stating:

"The board is expressly authorized to do certain acts, viz., examine, audit, and recompute tax returns. However, in granting these powers to the Board the legislature has seen fit to limit their exer-

cise to three years from the date the return is made, unless the return is fraudulent, false, or no return at all is filed. The Board had no power or authority to recompute or reassess taxes after the expiration of three years because the legislature had not granted it that power." 133 Mont. at 18, 319 P.2d at 227.

We also set forth in *Anderson*, the rule that doubt should be resolved in the favor of the taxpayer where a taxing statute is susceptible of two constructions.

There are strong policy reasons why the period must be limited in which a taxing authority may make changes in assessments. In *Weyenberg Shoe Manufacturing Co. v. Kelley* (1933), 210 Wis. 638, 246 N.W. 418, 419, modified on other grounds, 210 Wis. 638, 247 N.W. 320, the Court spoke to the issue of open-ended assessments:

"[I]t is the final act (of assessment) that must be performed within the time limit. * * * The act to be done before the close of this period is described by words in a statute of limitation. These words take a specific meaning from their use in the particular surroundings in which they are found. There is in the section quoted an intent to fix a time after which any proceeding amounting to an additional assessment shall not occur. Such statutes rest on sound policy, and are as essential to good administration of tax laws as they are to the security and peace of business and welfare of citizens generally."

The Court stated in *Magma Copper Co. v. Arizona State Tax Commission* (1948), 67 Ariz. 77, 191 P.2d 169, 174, that, "Without such limitation there would never be a finality to the corrections or additional assessments of the Commission." We agree there must be a time when the act of assessment comes to an end.

We cannot accept the Revenue Department's argument that section 84-1508.2, R.C.M.1947, is strictly a statute of limitation and it can be tolled (apparently indefinitely) if an initial assessment is served on the taxpayer within the five-year statutory period or within the additional time agreed upon by the parties in writing.

The statute specifically provides a taxpayer cannot be the subject

of a deficiency assessment "* * * unless the notice of additional tax proposed to be assessed is mailed within five (5) years from the date the return was filed. * * *" The only exception to this is if "* * * *before* the expiration of the period prescribed for assessment of the tax [5 years], the taxpayer consents in writing to an assessment after the time, the tax may be assessed at any time *prior to the expiration of the period agreed upon.*" (Emphasis added.) Here, almost eight months had passed *after* the expiration of the period agreed upon in writing.

The Revenue Department would have us read the statute as stating in effect, the tax may be assessed at any time prior to *or after* the expiration of the period agreed upon. Such a reading would be extending the statute far beyond the legislature's intent.

The Revenue Department argues federal case law interpreting federal taxing statutes supports their position. We do not read the federal law as supporting the Revenue Department's interpretation. The purpose of the limitation statute in the federal tax code was discussed in *Internal Revenue v. Wilson* (1932 Cal. Tenth), 60 F.2d 501, 503:

"The purpose of the limitations statute was to fix a time beyond which steps to enforce collection of a tax might not be initiated. Congress intended that when the period of limitation had run, the taxpayer should no longer be subject to uncertainty as to his liability to the government. *It is a statute of repose*, and subject to the rule 'which requires taxing acts, including provisions of limitation embodied therein, to be construed liberally in favor of the taxpayer.' *United States v. Updike*, 281 U.S. 489, 496, 50 S.Ct. 367, 369, 74 L.Ed. 984; *Bowers v. N. Y. & Albany Lighterage Co.*, 273 U.S. 346, 349, 47 S.Ct. 389, 71 L.Ed. 676; *Old Colony R. Co. v. Commissioner*, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484 Section 277(a) fixed this time at four years." (Emphasis supplied.)

The Court stressed the intent of Congress to place a time limit in which the government could assert proposed deficiencies against the taxpayer would be defeated if the government, by asserting some deficiency within the four-year period, could thereby cause

an indefinite suspension of the running of the statute of limitations. The Court said:

"The government had four full years in which to make the assessment, and it is not anomalous that Congress considered it fair, after the 4 years expired, to give the taxpayer the privilege of settling forever his tax liability for the year involved in return for prompt payment of the only deficiency asserted during the 4-year period. A more serious anomaly results from the construction urged by the Commissioner for if the mere assertion of a part of the deficiency extends the statute 120 days for all purposes, the statute could be tolled indefinitely by the simple expedient of successive notices of other parts of the deficiency." *Internal Revenue v. Wilson*, 60 F.2d at 504.

■ The same is true in this case. If we were to accept the Revenue Department's argument, it could issue a notice one day before the period would normally expire and thereafter issue an indefinite series of amended notices. We must conclude therefore, the amended assessment notice issued on January 25, 1977 was issued without authority.

It is clear therefore, the Revenue Department must proceed against the corporations on the basis of the deficiency notices mailed to the corporations on April 22, 1976. These were the only notices mailed before the agreed upon deadline of May 14, 1976.

The judgment is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEEHY concur.