ANDERSON, Justice,
for the Court:
This is an appeal from an order of the Chancery Court of Hinds County granting summary judgment in favor of the 3300 Corporation — in effect holding that the tax commission’s amended assessment of income tax against the corporation was invalid.
The 3300 Corporation (hereinafter the corporation) is a Nevada corporation with its principal place of business in Dallas, TX. It is qualified to do business in Mississippi under our statutes and does in fact do business here. On December 19, 1983, the corporation received notice from the tax commission that the commission would undertake an examination of the corporation’s Mississippi tax returns for 1980, 1981, and 1982. This examination was completed on *913 November 2, 1984. Five days later, the commission made an assessment for additional income taxes against the corporation in the amount of $4,002,546 for fiscal year 1980. This was based on the commission’s position that certain income from the liquidation of Mississippi Mining & Minerals Company, a corporation of which the 3300 Corporation was a stockholder, should have been reported as taxable income. At the same time, the commission found that no additional income tax for the fiscal year 1981 was due. Later the commission changed its mind about the liquidation income and concluded that it was not taxable. Therefore, on June 24, 1985, it issued an amended assessment concluding that no additional income taxes were due for the 1980 fiscal year. At the same time, however, the commission alleges it became aware of the sale of MA-II Corporation, a subsidiary of 3300 Corporation. The commission took the position that income from this sale was taxable income for fiscal year 1981 and issued an amended assessment in the amount of $1,439,577 for fiscal year 1981. It is this assessment that is in controversy in the present case. The corporation’s tax return for fiscal year 1981 was filed on December 15 of that year. The assessment was amended and issued on June 24, 1985, more than three years later. Thus, the corporation contends that amended assessment was improper under Mississippi Code Annotated § 27-7-49 (1972), which states in part:
(1) Returns shall be examined by the commissioner or his duly authorized agents within three (3) years from the due date or the date the return was filed, whichever is later, and no determination of a tax overpayment or deficiency shall be made by the commissioner, and no suit shall be filed with respect to income within the period covered by such return, after the expiration of said three-year period, except as hereinafter provided.
(2) When an examination of a return made under this article has been commenced, and the taxpayer notified thereof, by certified mail, within the three-year examination period provided in subsection (1) of this section, the determination of the correct tax liability may be made by the commissioner after the expiration of said three-year examination period, provided that said determination shall be made with reasonable promptness and diligence.
[[Image here]]
(4) The three-year examination period provided in subsection (1) of this section shall not be applicable in the case of a false or fraudulent return with intent to evade a tax.
The corporation pursued its administrative remedies without success and filed a bill in the chancery court of Hinds County praying, among other things, that the amended assessment was improper under the terms of the statute and therefore void. The chancellor agreed with this argument and granted a motion for summary judgment in favor of the corporation. The tax commission appeals this decree.
The single assignment of error is that the chancellor erred in granting summary judgment and striking down the amended assessment. Under this assignment of error, however, several arguments are briefed. We will discuss them as necessary.
1. THE STATUTORY THREE-YEAR PERIOD DID NOT RUN AFTER THE COMMISSION GAVE NOTICE TO THE CORPORATION OF THE PENDING REASSESSMENT.
As noted above, the statute says, “return shall be examined by the commissioner ... within three years from the due date or the date the return was filed, whichever is later ... except as hereinafter provided.” Obviously, the amended assessment was improper unless it can be brought under one of the exceptions “hereinafter provided.” The commission’s theory is based on subsection 2 of the statute, which states that:
Whenever an examination of a return made under this article has been commenced, and the taxpayer notified thereof by certified mail within the three year examination period, ... the determination of the correct tax liability may be *914 made by the commissioner after the expiration of the said three year examination period, provided that said determination shall be made with reasonable promptness and diligence.
The commission’s position is that notice of an impending reassessment effectively takes the three year statutory period out of the picture for all purposes; that once notice has been filed, the statute cannot begin to run against the commission at any subsequent time in the process.
Mississippi has no case on this portion of the statute. The commission therefore attempts to draw analogies to two cases from sister states. Many states besides Mississippi have established three years as the basic period for amending a tax assessment. Maine, like Mississippi, enumerates certain exceptions to the operation of the three year period. Maine statutes provide that where a taxpayer has failed to report a change in his federal taxable income, the tax commission can issue a notice of deficiency “at any time.” The Maine Court held that in such a case, the three year limitation simply does not apply to the violator. Gordon v. Halperin, 447 A.2d 62 (Me.1982). The commission argues that our situation is the same, except that our statute requires the commission to act with reasonable promptness and diligence rather than “anytime”. But, Gordon is of little use in the present case since it deals with an exception to the statutory limitation applicable under a peculiar set of circumstances not covered in our own statute. The commission also cites Collector of Revenue v. Pioneer Bank & Trust Co., 250 La. 446,196 So.2d 270 (1967), but that case has no application since it dealt with the execution of a completed tax assessment rather than the time for conducting the assessment itself.
The corporation relies on Anaconda Co. v. Dept, of Revenue, 178 Mont. 254, 583 P.2d 421 (1978). Montana’s statute allows the Department of Revenue to complete an audit after the conclusion of the five year examination period if the taxpayer gives written consent. In Anaconda the taxpayer’s consent was obtained. A notice of deficiency was mailed to the taxpayer before the end of the five-year period; the department issued an amended assessment after the period had expired. When the matter was litigated the department contended that the notice of deficiency tolled the statute and the amended assessment related back to the date notice was issued. The Montana State Supreme Court held the acceptance of the department’s argument would lead to absurd conclusions:
If we were to accept the revenue department’s argument it could issue notice one day before the period would normally expire and thereafter issue an indefinite series of amended notices. We must conclude therefore the amended assessment notice issued on January 25, 1977, was issued without authority.
Anaconda, 583 P.2d at 424.
The corporation fears that a similar result would obtain if this court were to accept the commission’s arguments; that is, the commission could file a notice of deficiency and thereafter it would have carte blanche to open and re-open its audits indefinitely. The corporation argues that the exception in subsection 2 of the statute was meant to enable the commission to finish up an audit which was commenced before the expiration date, but not concluded until afterwards.
To us, the commission's view appears the sounder one. The cases cited by the corporation all construed statutes with wording dissimilar to our own. Subsection 2 of our statute conditions the exception on “said determination being made with reasonable promptness and diligence.” Thus, if this Court were to adopt the commission’s view of things, the statute would still protect taxpayers against the kind of abuse predicted by the corporation. Moreover, if the corporation’s view were to be adopted, it might disable the commission from issuing necessary amendments in cases where the return filed was incomplete, except in cases where fraud could be pleaded and proven. The commission's position is more in accord with the general rule that
a taxpayer who fails to disclose the correct amount of his income as the basis of *915 an assessment, ... cannot complain of the making of an additional assessment or reassessment when his true income is made to appear.
Buick Motor Co. v. City of Milwaukee, 48 F.2d 801, 804 (7th Cir.1931), cert. den. 284 U.S. 655, 52 S.Ct. 34, 76 L.Ed. 556 (1931). See also, 85 C.J.S. Taxation § 1104(1).
2. THE ISSUE OF FRAUD.
Subsection 4 of § 27-7-49 states: “The three year examination period ... shall not be applicable in a case of false or fraudulent return with intent to evade tax.” The commission argues that since the corporation’s original return made no mention of income from the sale of MAII, it was fraudulent within the meaning of the subsection, and therefore, a reassessment outside the three year limitations period was proper. The commission contends that the sale of MAII as well as the liquidation of the Mississippi Mining & Mineral Company, was a part of a scheme of 3300’s parent corporation, the Centex Corporation, to convert oil and gas transactions into transactions of intangible property for purposes of evading taxes.
As the corporation points out, a party may not rely on an affirmative defense unless he has pleaded it. White v. Thoma-son, 310 So.2d 914, 917 (Miss.1975). Fraud is an affirmative defense. Further, Rule 9(b) MRCP provides that where the affirmative defense of fraud is advanced it must be pleaded with specificity. The commission’s answer consists of general denials and a cross bill asserting the validity of the assessment. No affirmative defenses are pleaded, with specificity or otherwise. Therefore, the corporation argues that the commission is barred from relying on the defense of fraud. The commission does not deny that it failed to mention fraud in its answer; however, it points out that in one of its denials, it faulted the corporation for an incomplete citation of the statute, in that the corporation omitted subsection 4 applicable to the case of a “false or fraudulent return.”
The commission also points out that the affidavits opposing a summary judgment contain a good deal of material which, if taken as true, would support a defense of fraud.
The real basis of the commission’s position, and the sounder one, is the fact that this was a motion for summary judgment and in such a motion the pleadings are reduced in importance. Indeed, one of the most important things about a summary judgment is that it enables the court to pierce the pleadings and determine whether there are truly any genuine issues of material fact to be litigated. Rule 56(e) MRCP states in part:
When a motion for summary judgment made and supported as provided in this rule, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial.
In short, in the context of a motion for summary judgment, imperfections in the pleadings are not decisive. It appears from this record that the evidence adduced by the commission is sufficient to create a genuine issue of material fact as to the significance of the transactions in question.
3. ESTOPPEL.
On appeal, the commission argues that the corporation should be held es-topped to assert the statute of limitations because its own tactics of stalling, delay and non-cooperation contributed greatly to the commission’s delay in formulating a correct assessment. The corporation’s record on February 13, 1984, to September 11 of that year does in fact represent an impressive performance of stonewalling. The commissioner sought pertinent records for the 3300 Corporation without success. It was not until information was obtained from the Internal Revenue Service that the commission learned of the liquidation of Mississippi Mining & Minerals Corporation. This was in June. Through August the corporation was still refusing to respond to the commission’s attempts to require pertinent information. The initial November 7 audit of $4 million was prepared without any cooperation whatsoever from the corporation. Not until after the assessment *916 was issued did it occur to the corporation that it might be obliged to do something.
The corporation wisely makes no attempt to defend such conduct on its merits. It is content to point out, as it did in the fraud defense, that estoppel was not pleaded in the lower court. This argument deserves the same response as in the fraud argument. Technical defects in the pleadings ought not be decisive in a motion for summary judgment. E.g., Curry v. Mae-Kenzie, 239 N.Y. 267, 146 N.E. 375, 376 (1925); Bethlehem Steel Corp. v. Solow, 72 A.D.2d 722, 418 N.Y.S.2d 40 (1979); see also Smith v. Reeder, 371 So.2d 718 (Fla. App.1979), (lack of clarity in pleading no basis for summary judgment.) See also, Rule 56(e) MRCP.
The evidence adduced by the commission certainly creates a genuine issue of triable fact as to whether or not the delay in formulating a correct assessment was due to the corporation’s own conduct. To the extent that it was, disallowing the estoppel defense might have the effect of enabling the corporation to profit by its own wrong.
The order of summary judgment is reversed, and the case remanded for a trial on the merits.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.