¶ 1. This case comes from the Circuit Court of Holmes County, Hon. Jannie Lewis presiding. It is an appeal from the trial court's grant of a motion for summary judgment against D.H. Dew Jr. This was an action by Tchula Grain Company against Dews for a breach of contract. Both parties made proper filings (Dew filed a counter claim) and had started discovery when Tchula moved for summary judgment, which Dew challenged. The trial court found for the Tchula, and after trying to get the trial court to reconsider, Dew appeals to this Court, citing these issues:
 1. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE QUESTIONS OF FACT EXIST REGARDING SET OFFS AGAINST THE TOTAL AMOUNT OF D.H. DEW, JR.'S INDEBTEDNESS TO TCHULA GRAIN AS A RESULT OF TCHULA GRAIN'S SEIZURE OF CHEMICAL REBATES DUE D.H. DEW, JR. AND TCHULA GRAIN'S RETENTION OF D.H. DEW JR.'S BEANS?
 2. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE QUESTIONS OF FACT EXIST REGARDING TCHULA GRAIN'S FAILURE TO ACCEPT D.H. DEW, JR.'S TENDER OF STOCK PURSUANT TO AN AGREEMENT ENTERED INTO BETWEEN TCHULA GRAIN AND D.H. DEW, JR?
 3. WHETHER THE TRIAL COURT ERRONEOUSLY REFUSED TO CONSIDER D.H. DEW, JR.'S ALLEGATION THAT HE WAS FRAUDULENTLY INDUCED TO SIGN THE NOTE IN RELIANCE ON TCHULA GRAIN'S OFFER TO ACCEPT D.H. DEW, JR.'S TENDER OF STOCK?
 4. WHETHER THE TRIAL COURT ERRONEOUSLY AND APPARENTLY WITHOUT REASON DISMISSED D.H. DEW, JR.'S COUNTER-CLAIM AGAINST TCHULA GRAIN FOR TCHULA GRAIN'S BREACH OF CONTRACT TO PROVIDE D.H. DEW, JR. WITH THE SPECIFIC TYPE AND VARIETY OF SOYBEANS BOOKED BY D.H. DEW, JR?
We affirm in part and reverse in part.
 STATEMENT OF THE FACTS ¶ 2. This case is based on several transactions *Page 1017 
that occurred between Mr. Dew and Tchula Grain Company. The subject of Dew's permissive counter claim occurred in the spring of 1994. Dew booked 1000 bushels of group 4 and 5 type soybeans from Tchula Grain. When Dew called for delivery of the soybeans, Tchula told Dew it had sold the soybeans Dew had booked to another soybean purchaser. Dew was forced to take another group of soybeans from Tchula causing Dew damages in the amount of $180,000.
 ¶ 3. The subject of Tchula's cause of action, the one on direct appeal today, came about in 1995, when Dew was indebted to Tchula for the sum of $94,581.12. The two parties worked out a settlement agreement for repayment of the debt in which Dew gave Tchula a promissory note for $72,181.12 and was to transfer 56 shares of stock in the Good Hope Gin Company to Tchula.
 ¶ 4. It is at this point that the parties have different views of the facts. Tchula claims there was no transfer of the stock and that Dew in fact transferred the stock to a third party for cash. Dew claims he attempted to transfer the stock, but it was refused by Tchula's grain assignees because the Gin put a restriction on the stock which required the assignees to gin all of their cotton at the Good Hope Gin. Dew also claimed Tchula seized certain chemical rebates owing to Dew for Dew's purchase of chemicals and retained a certain amount of Dew's soybeans. Tchula did not deny this, but claimed that in the debt settlement agreement, Dew waived any right to any offsets so Dew had no claim to the property.
 ¶ 5. Tchula sued Dew for breach of contract on February 24, 1997, for failure to fulfill the settlement agreement by not tendering the stock. Dew answered and discovery ensued. Tchula moved for summary judgment, and the trial court, over Dew's objection, granted it.
 DISCUSSION STANDARD OF PROOF ¶ 6. The proper standard to be applied in reviewing the trial court's grant of summary judgment is found in the case of Simmons v.Thompson Machinery of Mississippi, 631 So.2d 798, 801 (Miss. 1994). A judge enters summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". M.R.C.P. 56. Simmons, 631 So.2d 801. The burden is thus on the moving party to show there is no issue of material fact.
 ¶ 7. To survive a motion for summary judgment, all a non-moving party must do is establish that there is an issue of material fact. Id. at 801. A non-movant cannot just sit back and rely on its pleadings to prove on their own that there is a genuine issue of material fact. Newell v.Hinton, 556 So.2d 1037, 1041 (Miss. 1990). Such things as admissions in pleadings, answers to interrogatories, depositions, and affidavits can all be presented to the trial court to prove or disprove a genuine issue of material fact. Short v. Columbus Rubber and Gasket Co., Inc., 535 So.2d 61,63 (Miss. 1988). In addition, the evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 63.
 ANALYSIS OF THE LAW I. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE QUESTIONS OF FACT EXIST REGARDING SET OFFS AGAINST THE TOTAL *Page 1018 AMOUNT OF D.H. DEW, JR.'S INDEBTEDNESS TO TCHULA GRAIN AS A RESULT OF TCHULA GRAIN'S SEIZURE OF CHEMICAL REBATES DUE D.H. DEW, JR. AND TCHULA GRAIN'S RETENTION OF D.H. DEW JR.'S BEANS?
 ¶ 8. In this case, Dew claims there were material questions of fact that the trial judge ignored. First of all, Dew claims the amount of the debt he owed to Tchula is in question because Tchula seized some chemical rebates Dew was owed and some of Dew's soybeans. Dew argues that because of this, he is entitled to off-sets in the amount of the debt owed equal to the value of the rebates and soybeans. Tchula replies to this in his brief by pointing out that off-sets and other claims were waived in the promissory note.
 ¶ 9. In examining this issue it is important to look at the promissory note intended by the parties to take care of the debt, and then look at the time at which the set offs and rebates actually occurred. In the last paragraph of the promissory note, the maker, Dew, waives several things including "all off-sets and opposing claims." In the judge's order granting summary judgment, he makes reference to the off-sets coming from the 1994 transaction. Since these occurred before the parties entered the promissory note these off-sets may have been waived. However, no reference is made in the promissory note to any off-sets, rebates, or opposing claims which may occur in the future. This note was created in 1995 and suit was commenced in 1997, thus allowing two years in which the rebates owed Due could have occurred. Nothing in the record indicates whether or not these rebates occurred before the promissory note or after it was created. The promissory note's reference to all set-offs can be interpreted as dealing only with all set-offs existing at that time. After examining the record, this Court was unable to determine when the rebates came into being. Because we were unable to determine when they came into existence we will not then determine whether or not they were barred by the note, but hold this is a matter to be decided by the trial court.
 ¶ 10. This Court has long held that motions for summary judgment should be viewed with great skepticism and that if there is any doubt as to whether there is a material fact, the non-moving party should get the benefit of the doubt. Simmons, 631 So.2d at 801, Donald v. ReevesTransport Co. of Calhoun, Georgia, 538 So.2d 1191, 1195 (Miss. 1989). This taken in mind with the fact that the evidence should be viewed in the light most favorable to the non-moving party causes this Court to find for Dew in regard to this issue.
 ¶ 11. Whether or not Dew is allowed to claim an off-set affects the amount of the debt in controversy. If he is not barred by the promissory note, then he could claim the rebates, and this affects the amount in controversy which is definitely material. In addition, if Tchula was wrong in keeping the rebates and the soybeans, then there is a possibility Tchula could be unjustly enriched if it is allowed to keep them. This Court finds there was a material question of fact in regard to this issue; therefore, the trial court was in error in granting summary judgment as to this issue. For these reasons, we reverse on this issue.
 II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE QUESTIONS OF FACT EXIST REGARDING TCHULA GRAIN'S FAILURE TO ACCEPT D.H. DEW, JR.'S TENDER OF STOCK PURSUANT TO AN AGREEMENT ENTERED INTO BETWEEN *Page 1019 TCHULA GRAIN AND D.H. DEW, JR?
 ¶ 12. Dew also claims error by stating he did in fact tender the stocks to Tchula's assignees, and they refused to accept them. Dew acknowledges he did not deliver the stock, but the reason he did not do so is because he knew Tchula's assignees would not accept them. Dew claims Tchula's assignees stopped Dew one day and claimed the Gin would not reissue the stock in their names unless they signed an agreement stating they would gin their cotton at Good Hope exclusively. Tchula claims Dew never delivered the stock, and for this reason he breached the settlement agreement. Tchula also claims that Dew knew the Gin would not reissue the stock.
 ¶ 13. As stated above, summary judgment motions are to be viewed with much skepticism and the facts should be viewed in a light most favorable to the non-moving party. Simmons, 631 So.2d at 801. Also, "[I]n a motion for summary judgment a genuine issue of material fact is obviously present where one party testifies to one account of the matter in interest and the other party swears otherwise." Id. at 802.
 ¶ 14. In looking at the promissory note, it states:
 The conveyance by Debtor to W.E. Diggs, Jr. and W.E. Diggs, III, as Assignee's of Tchula Grain, of 56 shares of common stock in Good Hope Gin Co., which conveyance shall be free and clear of all liens, encumbrances, and claims of third Parties;
The requirement that the assignees sign an agreement to gin their cotton only at Good Hope Gin in order to get the stock reissued to them could be argued to be an encumbrance on the stock. However, the stock restriction was not a lien, or a claim, and it could be argued the restrictions were not an encumbrance on the stock at all as they were simply a part of the stock. It could also be argued that the actual conveyance occurred with the formation of the promissory note. If either of the above were what happened, then Tchula was wrong for refusing the stock. This issue could be argued both ways with the facts before this Court, and because of this, Dew should receive the benefit of the doubt.
 ¶ 15. In addition, whether or not Dew actually tried to deliver the stock is in question. Dew claims he did and Tchula claims he did not. As stated above, where there are two versions of what happened then there is a question of material fact. Id. at 802. In regard to this issue, one party claims one thing while the other claims something else. The determination of this issue is material to this case because it answers whether or not Dew breached the agreement. These questions, taken with the above facts, cause this Court to find there was a material question of fact as to whether or not Dew conveyed the stock. For these reasons we reverse as to this issue.
 III. WHETHER THE TRIAL COURT ERRONEOUSLY REFUSED TO CONSIDER D.H. DEW, JR.'S ALLEGATION THAT HE WAS FRAUDULENTLY INDUCED TO SIGN THE NOTE IN RELIANCE ON TCHULA GRAIN'S OFFER TO ACCEPT D.H. DEW, JR.'S TENDER OF STOCK?
 ¶ 16. The next reason Dew gives for why the trial court was mistaken in its grant of summary judgment is the trial court refused to consider his allegations that Tchula committed fraud in the inducement. Fraud is an affirmative defense, and it must be plead with specificity in the pleadings. Mississippi State Tax Comm'n v. 3300 Corp., 515 So.2d 912,915 (Miss. 1987). Dew did not mention fraud in his *Page 1020 
answer and would therefore be barred from bringing it up later in the case. However, there is authority stating that with a motion for summary judgment, the pleadings are reduced in importance, imperfections in the pleadings are not decisive, and if it appears from the record that the evidence is sufficient to create a genuine issue of material fact then that should be considered in deciding if the summary judgment was correctly granted. Id. at 915.
 ¶ 17. In this case, Dew claims such proof of fraud, while not found in the pleadings, was present in the interrogatories and was enough to create a material issue of fact thus making the trial court's grant of grant summary judgment an error. The only evidence in the record indicating fraud in this case is found in two admissions to interrogatories sent to Dew by Tchula. In the Mississippi State TaxCommission case cited above, the amount of proof of fraud was substantially greater than it is in this case. Mississippi State TaxComm'n v. 3300 Corp., 515 So.2d 912 (Miss. 1987). For this reason, this Court does not think enough evidence was presented in this case to show a genuine issue of material fact as to fraud, and therefore Dew should not be allowed to claim the affirmative defense of fraud because he did not plead it. Therefore, we affirm as to this issue.
 IV. WHETHER THE TRIAL COURT ERRONEOUSLY AND APPARENTLY WITHOUT REASON DISMISSED D.H. DEW, JR.'S COUNTER-CLAIM AGAINST TCHULA GRAIN FOR TCHULA GRAIN'S BREACH OF CONTRACT TO PROVIDE D.H. DEW, JR. WITH THE SPECIFIC TYPE AND VARIETY OF SOYBEANS BOOKED BY D.H. DEW, JR?
 ¶ 18. The fourth ground upon which Dew claims summary judgment was incorrect is based on the dismissal of his counter claim. Dew states he was damaged by Tchula's breach of the 1994 contract in which Tchula was to sell Dew group 4 and group 5 soybeans, but instead sold him group 6 soybeans.
 ¶ 19. Since Dew had an open account with Tchula, and the promissory note was to take care of the past debts of Dew, the adjudication of this claim is barred by the promissory note. The law favors settlement agreements and, under most circumstances, will enforce them. McBride v. Chevron U.S.A., 673 So.2d 372, 379 (Miss. 1996), McManusv. Howard, 569 So.2d 1213, 1215 (Miss. 1990). The language of the promissory note states that the note is for the purpose of paying Dew's past debts, and in it the maker (Dew) waives several things, including "protest" and "all opposing claims." Since this counter-claim deals with the past debts Dew owed Tchula, and since Dew has waived any claims dealing with this past debt, the trial court judge was not in error in dismissing this claim. Therefore, this Court affirms as to this issue.
 ¶ 20. In conclusion, we find that the trial court was in error in granting summary judgment as to the first two issues listed above, and because of this we reverse summary judgment for these two issues. However, we find that the trial court was correct in granting summary judgment in regards to the last two issues, and thus we affirm its holdings for those two matters.
 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY ISREVERSED IN ITS GRANT OF SUMMARY JUDGMENT IN ISSUES ONE AND TWO AND ISREMANDED FOR FURTHER PROCEEDINGS. THE JUDGMENT OF THE HOLMES *Page 1021 COUNTY CIRCUIT COURT IS AFFIRMED IN THE GRANT OF SUMMARY JUDGMENT INISSUES THREE AND FOUR. COSTS OF THIS APPEAL ARE ASSESSED HALF TO THEAPPELLANT AND HALF TO THE APPELLEE.
KING, P.J., LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. SOUTHWICK,P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J. ANDIRVING, J. CHANDLER, J., NOT PARTICIPATING.