JUSTICE RICE,
dissenting.
¶24 The Department of Revenue (DOR) has promulgated rules to *355 regulate the establishment of tax increment financing districts (TIFDs) by local governments. Admin. R. M. 42.19.1401 through .1412 (2008). Notwithstanding the good sense embodied within DOR’s rules, a basic principle of administrative law has been violated: an agency may not engage in rulemaking, a quasi-legislative act, unless the Legislature specifically grants the agency such authority. Bell v. Dept. of Licensing, 182 Mont. 21, 22, 594 P.2d 331, 332 (1979) (quoting Anaconda Co. v. Dept. of Revenue, 178 Mont. 254, 257, 583 P.2d 421, 422-23 (1978)). Because neither DOR nor the Court can point to such authority, I would affirm the District Court’s holding.
¶25 The statutes governing TIFDs are located under the title of “Local Government” at §§ 7-15-4282 through -4299, MCA (2007). This is significant by reason of § 7-15-4205, MCA, which provides that to the extent the statutes outside of Title 7 are inconsistent with their provisions, the TIFDs statutes “shall be controlling.” In addition to the superiority of the TIFDs statutes, it is critical to note that the Legislature specifically granted rulemaking authority within Title 7 when it intended the agency to adopt rules, see e.g. §§ 7-14-102(3), 7-21-3715, 7-22-2120(l)(d), MCA, but did not do so with respect to TIFDs, see e.g. §§ 7-15-4282 through -4299, MCA. The design of Title 7 and the Legislature’s determination not to grant rulemaking authority for purposes of TIFDs demonstrates, without more, that no such rulemaking authority exists here. See Darby Spar, Ltd. v. Dept. of Revenue, 217 Mont. 376, 379, 705 P.2d 111, 113 (1985) (describing legislative inaction as indicative of intent).
¶26 However, ignoring this lack of authority under Title 7, the DOR looks to a different title of the code, namely, Title 15. The provision cited by DOR as establishing its rulemaking authority is § 15-1-201, MCA, which provides broadly and generally that “[t]he department may make rules to supervise the administration of all revenue laws of the state and assist in their enforcement.” Nonetheless, under the Montana Administrative Procedure Act (MAPA), agencies possess the authority to make rules only if the Legislature “clearly and specifically lists the subject matter of the rule as a subject upon which the agency shall or may adopt rules.” Section 2-4-305(3)(a), MCA (emphasis added). Using even the most imaginative of interpretations, nothing within § 15-1-201, MCA, is clear and specific with respect to TIFDs. The DOR implicitly agrees, as evidenced by its repeated description of the statute as providing a “broad” and “general” grant of rulemaking authority in its briefing to this Court. Petr.’s Br. 4,13,17,21 (July 17, 2009). Such an expansive reading of § 15-1-201, MCA, would grant *356 rulemaking authority to DOR for every conceivable matter within its broad jurisdiction, a result inconsistent with MAPA’s specificity requirements. Further, the Legislature’s express delegations of rulemaking authority to DOR throughout the code for various designated purposes would be rendered superfluous.
¶27 The DOR also attempts to save its regulations by citing to a subsection of MAPA which permits agencies to engage in rulemaking authority if “the rule implements and relates to a subject matter or an agency function that is clearly and specifically included in a statute to which the grant of rulemaking authority extends.” Section 2-4-305(3)(b), MCA (emphasis added). In making its argument, however, DOR focuses only on the supportive words “implements” and “relates,” while conveniently ignoring that the sentence continues and again requires the “subject matter” to be “clearly and specifically included in a statute.” Section 2-4-305(3)(b), MCA. Again, the DOR cannot point to any such language here. It is not within the province of this Court to consider certain words of a statute at the expense of avoiding others. Section 1-4-101, MCA. Thus, again, the broad and general reference to “all revenue laws” within § 15-1-201, MCA, falls far short of providing clear and specific rulemaking authority, as it designates no subject matter as required by § 2-4-305(3)(b), MCA. Were we to read a broad and general statute as providing authority to enact rules for TIFDs, we would sub silentio run astray of this Court’s jurisprudence regarding the non-delegation doctrine. See e.g. In re Pelia, 249 Mont. 272, 276-77, 815 P.2d 139, 142 (1991) (“If the legislature fails to prescribe with reasonable clarity the limits of power delegated to an administrative agency, or if those limits are too broad, its attempt to delegate is a nullity.” (Emphasis added.)) (citations omitted).
¶28 Implicitly acknowledging that DOR’s arguments fail, the Court offers its own reasoning that TIFDs are “inextricably entwined” with DOR responsibilities and cites § 15-10-420, MCA, as authority under which DOR may promulgate its current TIFDs rules. Opinion, ¶¶ 17, 19. The Court does not explain that DOR itself has never cited to § 15-10-420, MCA, as the source of its rulemaking authority in promulgating these rules and, thus, this appears to be nothing more than a post hoc justification for DOR’s rules. However, this justification fails also. Section 15-10-420, MCA, governs the procedure for calculating and imposing mill levies, not TIFDs. While TIFDs are a potential variable within a mill levy calculation, to conclude that such an obscure connection provides the specific authority necessary for agency rulemaking about the creation of TIFDs is an untenable *357 application of MAPA’s requirements. See § 2-4-305(3), MCA.
¶29 Agency rulemaking authority is a matter of legislative grace, and to the extent the Legislature has not clearly and specifically vested the agencies with such power, the Legislature remains the sole lawmaking entity. Section 2-4-305(3), MCA; see also Mont. Const, art. Ill, § 1 (delineating separation of powers). DOR has been given no such grant of authority to make rules governing the creation of TIFDs. The DOR could certainly ask the Legislature to visit the issue, but it is not the role of this Court to provide authority where none exists.
¶30 I would affirm.