ENTERED AUG 0 8 2014

STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CIVIL ACTION
                                                  DOCKET NO. AP-13-32
                                                  KEN-DHM-AP-13-32

STATE TAX ASSESSOR,

        Plaintiff
    v.                                            **ORDER**

ESTATE OF C.G. BERWIND et al.,

        Defendants

Before the court is the petition for review and *de novo* determination filed by the State Tax Assessor (Assessor), as director of Maine Revenue Services (MRS). The Petition brought by the Assessor is pursuant to 36 M.R.S.A. § 151-D(10)(I), 5 M.R.S.A. § 11002, and M.R. Civ. P. 80(C), of the final administrative decision of the Board of Taxation Appeals (BOTA) involving the assessment of a Maine estate tax. The Respondent Estate (Estate) is the Estate of Charles G. Berwind Jr., who, at the time of his death on November 3, 2010, was a Pennsylvania resident who owned real property in Maine and Pennsylvania. The Estate filed a 2010 Maine Estate Tax Return dated January 18, 2012 (Return), which reported Maine assets consisting of real property valued at $12,250,000; tangible personal property at $1,116,540; and jointly held property valued at $6,800 for a total of $13,373,340. The Return also noted an outstanding mortgage balance on Maine real estate of $8,000,0002. On the Return, the Estate reduced the value of its Maine real estate by the outstanding balance of the mortgage and reported a resulting value of $5,373,338. The Maine Revenue Service disallowed the entry of $8,000,002 as the balance on the mortgage to reflect the full value of the Estate's Maine real property. The notice of assessment in April of 2012

against the Estate asserted a balance of $686,866.66 which consisted of the tax of $1,290,090, interest of $32,256.26; penalties of $54,050.40 and a credit of $428,530.

The Estate requested reconsideration of the assessment arguing that the tax portion of the assessment was unlawful under 36 M.R.S.A. § 4064 and M.R.S. Rule 601.07(D)(3) and requested an abatement of assessed penalties. Upon reconsideration the MRS upheld the assessment in full. In November of 2012, the Estate filed a statement of appeal with BOTA and requested an appeals conference pursuant to 36 M.R.S.A. § 151-D(10)(A)-(G). After an appeals conference, the BOTA appeals officer issued a recommended decision for consideration by the BOTA upholding the Maine estate tax and interest portions of the assessment but abating the penalties of the assessment. After hearing, the BOTA rejected the recommended decision and issued its own decision which abated the assessment in its entirety. In June of 2013, the Assessor sought reconsideration of the BOTA decision and the request was granted. In July of 2013, BOTA issued its decision on reconsideration affirming its original May 2013 decision. The final BOTA decision is the final administrative decision on appeal and is subject to *de novo* appeal to the Superior Court. The Assessor has brought the *de novo* appeal before this court. According to 36 M.R.S.A. § 151-D(10)(I), this court must make its own *de novo* determination as to all questions of facts and law.

The parties have stipulated as the amounts above described. In addition, they agree that the Estate was liable for the mortgages secured by the Maine real property, that the sole proceeds of which were used for the purchase, repair, maintenance, or improvement of the Maine real property. It is agreed that the Estate, citing M.R.S. Rule 607(D)(3) reduced the value of its Maine property taxable by Maine by the amount of the outstanding balance of the mortgage. This affects the numerator of the fraction

called for in 36 M.R.S.A. § 4064 resulting in a percentage of property taxable by Maine of 0.066082, while the Assessor, in not allowing the mortgage, asserts a percentage of property taxable in Maine of 0.164468. The result then is net tax to Maine of $1,029,078, rather than net tax of $413,476, as asserted by the Estate.

In construing the statutory language, the court looks first to the plain meaning of the language to give effect to legislative intent. *Stromberg-Carlson Corp. v. State Tax Assessor*, 2001 ME 11, 765 A.2d 566. However, in determining plain meaning, courts consider the whole statutory framework "so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Id.* In determining plain meaning, the courts also avoid the absurd, illogical and inconsistent results, give words meaning rather than treating them as meaningless or superfluous, and refrain from adding language that is not there. *Id.*

It is clear from an examination of the Maine Tax Code as it relates to estate taxation under the concept of a "federal credit" that the fundamental starting point of the relationship in taxation of property between the state and the federal government should be dependent on a like comparison of the Maine estate with the entire federal estate. It would defy common sense to suggest that a different basis for property located within this State as opposed to property located within and without the State should not be the same. As a matter of fundamental principal, the court is obligated to "make it work," unless to do so would be contrary to the specific statutory and regulatory language.

The starting point is Department of the Treasury Form 706, United States Estate Tax Return, filed in January of 2012 that indicates a total gross estate of $81,310,645.96. It then deducts allowable deductions in the amount of $36,373,892.58, leaving a

3

tentative taxable estate of $44,937,826.38. In Part 5 of the Federal Return, the recapitulation, Schedule K of said return, mortgages and liens in excess of $16,000,000 includes mortgage balances on Maine property of $8,000,002.28. Therefore, the mortgage balance in question has been deducted from the Federal gross estate to arrive at a taxable estate. It is the same mortgage balance the Estate has reflected in its determination of value of the decedent's Maine real and tangible property in this State as the numerator of the tax imposed by the State under 36 M.R.S.A. § 4064.

Under the terms of 36 M.R.S.A. § 4064, Maine property is subject to an estate tax

to the extent that such property is either included in the decedent's federal gross estate or is Maine elective property. The amount of this tax is equal to that proportion of the federal credit that the value of the decedent's Maine real and tangible personal property in this State bears to the value of the decedent's federal gross estate.

The federal credit, pursuant to 36 M.R.S.A. § 4062(1-A), "means the maximum credit against the tax on the federal taxable estate for state death taxes determined under the Code . . . ."[1]

The federal gross estate is "the gross estate of a decedent as determined by the assessor in accordance with the Code . . . ." In asserting the deduction for the mortgage balance on the real estate, and utilizing the numerator in the formula called for in 36 M.R.S.A. § 4064, the Estate relies on a portion of the Code of Maine Regulations, 18-125 C.M.R., ch. 601, § .07, sourcing property to Maine, the Estate in § .07(D)(3) under allocation of debt,

---

[1] The court notes 36 M.R.S.A. § 4063 regarding the tax on an estate of a Maine resident. That provision states,

The amount of this tax is equal to the federal credit multiplied by a fraction, the numerator of which is the value of that portion of the decedent's federal gross estate that consists of real and tangible personal property located in the State plus the value of all intangible personal property and the denominator of which is the value of the decedent's federal gross estate.

4

> For nonresident decedents, the Maine estate tax is applied to the total value of the real and tangible personal property treated as owned by the decedent situated in Maine as of the date of the decedent's death. If Maine real property is encumbered, only the direct debt against the property (i.e., the debt used for the purchase, repair, maintenance or improvement of that property) is an allowable deduction.

That provision must be read in light of 18-125 C.M.R. ch. 601, § .01, where subsection B describes allowable deductions "means deductions from the federal gross estate as authorized under the Code in calculating the federal taxable estate, excluding the state death tax deduction." Indeed, the Estate did use the mortgage balance as described under 18-125 C.M.R. ch 601, § .07(D)(3) as a deduction from the federal gross estate on the federal tax return. In the instant circumstance, the Estate wishes to further deduct that under the language of that Rule for purposes of the full §4064 ratio. Because the word "gross" is not recited regarding the Maine real estate, the Estate argues it must mean net of debt.

First, the court again revisits 36 M.R.S.A. § 4062, where it finds a definition under subsection 8-A of value, "When determining value for purposes of this chapter, 'value' means, with respect to an estate or to property included in an estate, including Maine qualified terminable interest property, the value as determined by the assessor in accordance with the Code." There is nothing in the evidence or in the statutory scheme, to suggest that there is more than one definition of "value" for all Maine estate tax purposes. Further, if the numerator is the net value of decedent's Maine real estate and the denominator is to be the gross value of the decedent's federal gross estate, it would create an anomaly. It further would create a disconnect between the consideration of Maine property versus total property if different for a nonresident.

The court is satisfied that the language as it is contained in 18-125 C.M.R. ch. 601,

5

§ .07(D)(3), is a term defining Maine law with regard to the nature of real property encompassed to be utilized in the determination of the deduction from federal gross estate. Limiting such debt to a direct debt, i.e., mortgage, for proceeds used for the "purchase, repair, maintenance, or improvement of the Maine real property," it does not modify section 4064 as to "the value of the decedent's Maine real and tangible personal property" as it appears in 36 M.R.S.A. § 4064.

The Assessor asks the court to reestablish the assessed penalty pursuant to 36 M.R.S.A. § 187-B(7) (2010) that denies the assertion that the Estate had "substantial authority" sufficient to warrant abatement of the penalty. First, the Petitioner notes that the burden of establishing substantial authority is on the Estate. 36 M.R.S.A. § 187-B(7). The court's substantial authority "is an objective standard defined requiring the analysis of the applicable law and the facts of the particular case." *John Swenson Granite, Inc. v. State Tax Assessor*, 685 A.2d 425 (Me. 1996). Substantial authority also means the weight of authority supporting the estate's position is substantial in relation to whether the authorities support the assessment. *Id.*

The Estate argues that it was merely complying with the Assessor's own rule in deducting the mortgage debt, citing 601 § .07(D)(3). It also argues that the Assessor should waive or abate the penalties "for reasonable cause." The Estate finally argues that the Board of Tax Appeals ruled in the taxpayer's favor in relying on the same rule and suggest that the BOTA decision constitutes substantial, and in fact, overwhelming authority justifying the Estate's filing position.

The court finds that the difference between the submitted Maine estate tax of $413,476 and the Assessor-found Maine estate tax of $1,029,078 to be substantial.

Notwithstanding the decision and analysis of BOTA, it appears to this court to be

obvious that the language relied on by the Estate of the allocation of debt, found in 18-125 C.M.R. ch. 601, § .07(D)(3) describes "an allowable deduction" which is specifically defined by its words in 18-125 C.M.R. ch. 601, § .01, meaning deductions from "the federal gross estate." It appears to stretch the imagination that it could be considered in light of those two provisions that somehow this allowable deduction is to be made from the value of the decedent's Maine real and tangible personal property in this State as found in 36 M.R.S.A. § 4064.

For the reasons herein stated, the entry will be:

The appeal of the State Tax Assessor is SUSTAINED, the decision of Maine Board of Tax Appeals, docket number BTA-2012-5 issued May 18, 2013, and its decision on reconsideration dated July 18, 2013, are OVERRULED; the matter is REMANDED to the State Tax Assessor for recalculation of interest.

JULY 7, 2014

_____
Donald H. Marden
Superior Court Justice

7

Action:  Petition for Review              ~~J. Nivison~~          **J. Marden**
         80C

State Tax Assessor                  vs.        Estate of C.G. Berwind and
                                               Maine Board of Tax Appeals

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Scott Boak, AAG<br>6 State House Station<br>Augusta, ME  04333-0006 | Robert A. Creamer, Esq.  (Board of Tax<br>134 State House Station      Appeals)<br>Augusta, ME  04333-0134<br><br>Jonathan A. Block, Esq.   (Estate of C.G.<br>254 Commercial Street         Berwind)<br>Portland, ME 04101 |

Date of Entry

| | |
|---|---|
| 7/22/13 | Petition for Review and De Novo Determination, filed.  s/Boak, AAG |
| 8/6/13 | Letter stating that Maine Board of Tax Appeals does not think they are a party to this case and does not intend to take part in this case unless instructed to do so by the court, filed (7/2/13). s/Creamer, Esq. |
| 8/6/13 | Entry of Appearance for Estate of C.G. Berwind, filed (8/1/13). s/Block, Esq. |
| 8/13/13 | Copies of certified mail return receipts, filed 8/8/13.  s/Boak, AAG |
| 8/13/13 | Original certified mail return receipts, filed.  s/Boak, AAG<br>- Jonathan Block, Esq, date of delivery 7/23/13.<br>- Robert Creamer, Esq., date of delivery 7/23/13.<br>- Arthur Solmssen, Jr., Esq., date of delivery 7/24/13. |
| 9/24/13 | Phone conference scheduled on 9/30/13 at 12:15 with J. Nivison. |
| 10/3/13 | Phone conference held on 9/30/13 with Justice Nivison.<br>Follow up conference to be held 12/10/13 at 8:15 with J. Nivison . |
| 12/17/13 | Phone conference held.  Scheduling Order issued - No later than 12/31/13, the parties shall file with the court an agreed-upon set of stipulated facts and exhibits.<br>Copy to AAG Boak and Atty Block. |
| 1/03/14 | Joint Stipulation of Facts and Exhibits 1-18, filed (12/31/13). s/Boak, AAG |
| 1/30/14 | State Tax Assessor's Brief on Stipulated Record, filed 1/29/14. s/Boak, AAG |
| 1/31/14 | Estate of C.G. Berwind Brief, filed (1/30/14). s/Block, Esq. |

2/7/14  State tax Assessor's Reply Brief, filed. s/Boak, AAG

2/7/14  Estate of C.G. Berwind Brief, filed. s/Block, Esq.

3/25/14  Hearing on Oral Argument scheduled April 24 1:00 p.m.
      Copy sent to AAG Boak, Atty Creamer, Atty Block

4/28/14  Oral argument held (4/24/14), J. Marden presiding.
      Scott Boak, AAG; Jonathan Block, Esq.
      Tape 1842 Index 2839-3989
      Under Advisement.

7/8/14  ORDER, Marden, J. (7/7/14)
      The appeal of the State Tax Assessor is SUSTAINED, the decision of Maine Board of
      Tax Appeals, docket number BTA-2012-5 issued May 18, 2013, and its decision on
      reconsideration dated July 18 2013, are OVERRULED; the matter is REMANDED to the
      State Tax Assessor for recalculation of interest.
      Copy to AAG Boak, Atty Creamer, Atty Block
      Copy to repositories.